FILED IN MY OFFICE
DISTRICT COURT CLERK
1/15/2018 3:55:40 PM
STEPHEN T. PACHECO
Rachel Morse

**FIRST JUDICIAL DISTRICT**
**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**

Case assigned to Ortiz, Raymond Z.

**MARGARET THOMAS, M.D.,**

    **Plaintiff,**

**against**                                   **Case No.:**   D-101-CV-2018-00124

**MEMORIAL MEDICAL CENTER (Las Cruces),**
**dba SOUTHERN NEW MEXICO FAMILY**
**MEDICINE RESIDENCY PROGRAM and/or**
**aka MEMORIAL MEDICAL CENTER**
**AUXILIARY; LIFEPOINT HEALTH, INC.;**
**LIFEPOINT RC, INC.; JOHN ANDAZOLA**
**and DOLORES GOMEZ, individually and on behalf**
**of the Southern New Mexico Family Medicine**
**Residency Program; JOHN HARRIS; JOHN MUNOZ;**
**CATHERINE KEMMER; GARY ESSLINGER;**
**PRASAD PODILA; JULIA BROWN; STUART ED**
**and EDDIE BINDER, individually and as members of**
**the Board of Trustees of Memorial Medical Center;**
**NEW MEXICO MEDICAL BOARD; and**
**YET-TO-BE-IDENTIFIED INDIVIDUALS,**
**ENTITIES and/or CO-CONSPIRATORS,**

    **Defendants.**

**COMPLAINT FOR ASSAULT; AGE DISCRIMINATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE NEW MEXICO HUMAN**
**RIGHTS ACT; GENDER, RACE/NATIONAL ORIGIN AND RELIGIOUS**
**DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964, THE CIVIL RIGHTS ACT OF 1991 AND THE NEW**
**MEXICO HUMAN RIGHTS ACT; INTENTIONAL INFLICTION OF EMOTIONAL**
**DISTRESS; BAD FAITH BREACH OF EMPLOYMENT CONTRACT; INTENTIONAL**
**INTERFERENCE WITH EMPLOYMENT CONTRACT; BAD FAITH BREACH OF**
**THE IMPLIED COVENANT OF GOOD  FAITH AND FAIR DEALING; NEGLIGENT**
**TRAINING, MANAGEMENT, SUPERVISION AND INVESTIGATION; *RESPONDEAT***
***SUPERIOR* AND AGENCY LIABILITY; DEFAMATION/LIBEL; NEGLIGENCE,**
**NEGLIGENCE *PER SE* AND GROSS NEGLIGENCE *PER SE*; *PRIMA FACIE* TORT;**
**CIVIL CONSPIRACY; FOR  PUNITIVE DAMAGES AND FOR INJUNCTIVE RELIEF**

Exhibit 1

**COMES NOW** Plaintiff Margaret Thomas, M.D., by and through her counsel, Merit Bennett of The Bennett Law Group, LLC, and for her Complaint against Defendants, states as follows:

## JURISDICTION AND VENUE

1.      The Plaintiff brings this action pursuant to the New Mexico Human Rights Act, N.M.S.A. 1978 § 28-1-1 to -14; The Age Discrimination in Employment Act of 1967, 29 U.S.C., Section 621, *et seq*.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-15, as amended; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and New Mexico law.

2.      Jurisdiction and venue are proper in this Court, as misconduct referred to herein occurred in Las Cruces, Dona Ana County, and in Santa Fe, Santa Fe County, New Mexico. Plaintiff filed a Charge of Discrimination concerning this subject matter with the United States Equal Employment Opportunity Commission and the New Mexico Department of Labor/Workforce Solutions and has obtained the necessary authority to sue from these agencies. Defendants LifePoint Health, Inc., and LifePoint RC, Inc., (LifePoint RC, Inc., is a foreign corporation registered with the New Mexico Secretary of State in Santa Fe, New Mexico) are subject to the jurisdiction and venue of this Court by their appearance in Santa Fe, New Mexico, to do business in this state by assisting one or more of the Defendants in the commission of one or more of the acts and/or omissions which are the subject of this Complaint in Santa Fe County, New Mexico, pursuant to New Mexico law (torts actually committed in this state) and the New Mexico Long-Arm Statute, NMSA 1978, Section 38-1-16. *See also* paragraphs 12 and 49 below.

2

**OVERVIEW**

3.     This case involves egregious discrimination perpetrated against an older Christian female medical doctor of East Indian descent, wrongfully associated with the Hindu religious culture, Plaintiff Margaret Thomas, (hereinafter "Dr. Thomas") who was employed by the Defendant Memorial Medical Center (of Las Cruces, New Mexico), dba Southern New Mexico Family Medicine Residency Program and/or aka the Defendant Memorial Medical Auxiliary (hereinafter individually and/or collectively "Memorial," the "Medical Center" or the "Residency Program").  Memorial is believed to be owned and/or operated by either or both LifePoint Health, Inc., and/or LifePoint RC, Inc., one or both corporations of which has/have deliberately, by and through their authorized representative(s, joined the conspiracy already existing among one or more of the other Defendants to wrongfully deprive Plaintiff of access to a New Mexico medical license.

4.     Defendants Memorial, by and through its representatives and agents, Defendants Anazola and Gomez and Memorial's board members/trustees (hereinafter "board members") (acting individually and/or in concert with one or more of the other board members), deliberately obstructed, delayed and prevented Dr. Thomas from graduating from the Residency Program by supporting, permitting and/or participating in the malevolent racist, misogynist, ageist and anti-religious discrimination against and mistreatment of Dr. Thomas perpetrated by Defendants Andazola and Gomez and ratified and condoned by Memorial's Defendant Board Members and by one or both of the LifePoint defendants.

5.     The perpetration of the aforesaid illegal and depraved misconduct was accomplished with malice and/or reckless disregard for the rights and feelings of Dr. Thomas

and was so venomous that it included the threat of physical assault upon Dr. Thomas perpetrated by Defendant Andazola.

6.     The consequence of this depravity was the denial of Dr. Thomas' completion of her medical residency and therefore the deliberate obstruction of her ability to practice medicine and earn a living as a medical professional in the Las Cruces community and anywhere in New Mexico.  Defendants, by their submission of a false verification to the New Mexico Medical Board and by other discriminatory acts and omissions, have illegally blocked the issuance of Plaintiff's medical license.

7.     Memorial's Defendant Board Members and Defendants LifePoint negligently, recklessly and/or intentionally failed to intercede and therefore illegally and impermissibly conspired with Andazola and/or Gomez and/or with one or more of the other named Defendants and/or illegally condoned, ratified and/or supported other Defendants' illegal misconduct, thus rendering the board members and/or Defendants LifePoint equally, jointly and/or severally liable to Dr. Thomas for her consequent emotional, financial and statutory damages and for statutory and/or common law punitive damages, by granting actual and/or tacit authority to Andazola and/or Gomez to ruin the professional life of Dr. Thomas in order to thwart her ability to earn a livelihood as a medical doctor, despite her obvious qualification to be licensed as a medical doctor to practice in the State of New Mexico.

## PARTIES

8.     Plaintiff Margaret Thomas ("Dr. Thomas") is a United States citizen and a resident of Las Cruces, Dona Ana County, New Mexico.  She is a 57-year-old female of East Indian descent - first generation.  She is a devout Christian.

9.      Defendant Memorial Medical Center, dba Southern New Mexico Family Medicine Residency Program and/or Memorial Medical Center Auxiliary (all individually and/or collectively hereinafter referred to as "Memorial," the "Medical Center," "Memorial Medical Center" or the "Residency Program"), one or more or all of which are corporations, limited liability companies and/or nonprofit entities doing business in Las Cruces and elsewhere in New Mexico.

10.     Defendant John Andazola (hereinafter "Andazola") is the director of the Residency Program at Memorial, and his assistant or co-director is his wife, Defendant Dolores Gomez (hereinafter "Gomez").

11.     Defendants John Harris, Catherine Kemmer, Gary Esslinger, Prasad Podila, Julia Brown, Stuart Ed, John Munoz and Eddie Binder are/were members of Memorial's Board of Trustees/Directors (hereinafter individually and/or collectively referred to as the "Board" or the "Board of Directors" or "Directors"), one or more or all of which have colluded with, conspired with, ratified and/or condoned and/or acceded to the hereindescribed misconduct of Andazola and/or Gomez, thereby causing each and/or all of them to be individually, jointly and/or severally liable to Dr. Thomas for all of her consequential damages.

12.     Defendant LifePoint Health, Inc., ("LifePoint Health") is believed to be a Delaware corporation with its corporate office located at 330 Seven Springs Way, Brentwood, Tennessee.

13.     Defendant LifePoint RC, Inc., ("LifePoint RC") is believed to be a Delaware corporation registered to do business as a foreign corporation in New Mexico and is believed to be owned and/or operated by, and/or is a subsidiary or affiliate of, LifePoint Health.   Any

5

reference hereinafter to "LifePoint" shall also be considered to be a reference to LifePoint RC, Inc., and/or LifePoint Health, Inc.

14.     Defendant Memorial Medical Center is believed to be owned and/or operated by Defendant LifePoint Health and/or by Defendant LifePoint RC.  Any reference hereinafter to any one of these Defendants individually ("Memorial,"  the "Medical Center," "Memorial Medical Center"," the "Residency Program," "LifePoint Health" and/or "LifePoint RC") and/or in the aggregate ("LifePoint") shall also be deemed to be a reference to one or more or all of these Defendants, jointly and/or severally.   Al of the named Defendants (except the New Mexico Medical Board) shall also be referred to as the "liability Defendants."   Upon information and belief, the LifePoint Defendants is the parent company of Memorial and implicated and interjected themselves into the illegal decision-making process of Memorial with respect to its decision(s) to illegally support, condone and/or ratify the illegal acts and omissions of and/or participate in the illegal discrimination and retaliation described herein which was perpetrated against Plaintiff, to include, but not limited to, the deliberate decision to fail to reverse and/or mitigate the illegal discrimination perpetrated against Plaintiff by Andazola and/or Gomez.

15.     Defendant The New Mexico Medical Board ("NMMB") was established by the New Mexico State Legislature "in the interest of the public health, safety and welfare and to protect the public from the improper, unprofessional, incompetent and unlawful practice of medicine." *See* New Mexico Medical Practice Act, NMSA 1978, Section 61-6-1, *et seq.* (hereinafter "Medical Practice Act" or "MPA").  In accomplishing such statutory purpose, the NMMB is constituted with the authority to license medical doctors to practice medicine in the State of New Mexico upon receipt of an executed Postgraduate Verification Form properly completed by an approved postgraduate training program which verifies the training received by

a medical doctor from an accredited residency program, such as the Family Medicine Residency Program operated by Memorial (on behalf of and/or for the benefit of LifePoint) and Andazola. The NMMB is an agency of the State of New Mexico and is located at 2055 South Pacheco Street, Building 400, in Santa Fe, Santa Fe County, New Mexico.

16.    Yet-to-be-identified individuals, entities and/or co-conspirators are those other individual(s) and/or entity(ies) not yet identified, including unnamed and complicit officers, board members, agents and/or representatives of any named defendant and/or any unnamed business entity or organization, who have condoned, ratified, facilitated, and/or conspired with one or more others or other defendants to undertake, and/or who participated in the accomplishment of, the illegal misconduct referred to in this Complaint, including, but not limited to, those culpable representative(s) of any culpable named defendant; and such individual(s) and/or entity(ies) will be named as party defendant(s) in due course following their identification and/or following the discovery of the nature and extent of their respective culpability, to include, but not limited to, yet-to-be-identified members of Memorial's Board of Directors who may have been in office and party to any of the illegal misconduct directed toward Plaintiff.

**ESSENTIAL FACTS**

17.    Margaret Thomas, M.D., is a 57-year-old Christian woman who is a medical doctor and American citizen of South East Indian descent who was wrongfully terminated from the Memorial Medical Center's Southern New Mexico Residency Program as a direct consequence of illegal race, national origin, gender, age and/or religious discrimination, which took the form of (among other acts and/or omissions) constant bullying, intimidation and hostility perpetrated primarily by Defendants John Andazola and Dolores Gomez and their

agents and/or surrogates, acting on behalf of (and which discrimination was condoned and/or ratified by) the Residency Program, Memorial, its Board and/or LifePoint.

18.    Dr. Thomas was terminated by Andazola on January 12, 2017, over 3 ½ years after she had entered the Medical Center's Residency Program in July of 2013, during which period she was constantly subjected to patently discriminatory mistreatment at the hands of Andazola and Gomez and their surrogates (including Danielle Fitzsimmons-Pattison (hereinafter "Fitzsimmons-Pattison") who was the Family Medicine Residency Program's faculty advisor and a surrogate/agent of Andazola and Gomez), as a proximate consequence of the Board's negligent oversight of the Residency Program and/or its tacit and/or direct ratification of such misconduct.

19.    Despite already possessing considerable medical training and practical knowledge and experience and despite being sponsored by Eugene Samuel, owner of the Rio Grande Medical Group in Las Cruces, New Mexico, who was holding open a staff position for Dr. Thomas upon her graduation from the Residency Program, Dr. Thomas was subjected to constant bullying, yelling, verbally threatening, demeaning and derogatory comments and openly displayed disrespect (including Andazola's threat of physical assault) perpetrated by Andazola and/or Gomez. Neither Andazola nor Gomez exercised any discretion or restraint whatsoever when bullying and shouting insults at Dr. Thomas in the presence of hospital staff, other residents and patients in the hospital's care, thus publicly humiliating Dr. Thomas, all of which caused Dr. Thomas to suffer embarrassment, humiliation (and fear of imminent bodily harm committed by Andazola), to include, but not limited to, severe and extreme emotional distress.

20.    Andazola actively targeted Dr. Thomas for invidious race, gender, age, national origin and religious discrimination.  On one occasion in the Residency Clinic during July of

8

2014, in the presence of his wife, Defendant Gomez, and while generally berating Dr. Thomas, Andazola unbelievably blurted out at Dr. Thomas in a disrespectful, bullying, condescending and elevated tone, "**You're older than me! From now on, _you're going to go down_!**"

21.     This vitriol revealed Andazola's shared intent with his wife Gomez to bully, discriminate against and harm Dr. Thomas because they perceived that she was an older woman of a different race and national origin (Asian of South East Indian descent) who they thought was a devotee of the Hindu religion (Dr. Thomas is actually a devout Christian), in violation of the Civil Rights Act of 1964, as amended, the New Mexico Human Rights Act and the federal Age Discrimination in Employment Act (ADEA). *See* citations above.  On this particular occasion (when Andazola threatened Dr. Thomas, *"... you're going to go down!"*), Gomez stood quietly by, apparently relishing in the threat made to Dr. Thomas by her husband and by her silence condoning and adopting it.

22.     The discriminatory intent of these two doctors (Andazola and Gomez) (1) to discriminate against Dr. Thomas because she is an older woman of South East Indian descent whom they mistakenly perceived to be a practitioner of Hinduism and (2) to manufacture a pretext to terminate Dr. Thomas from the Residency Program because she was an older woman of East Indian descent could not have been made more clear by this unequivocal statement made by Andazola - *"**You're older than me! From now on, you're going to go down!**"*

23.     In fact, on the same day and during the same encounter, Andazola, with Gomez present in support, also stated to Dr. Thomas, **"You [Dr. Thomas] think you can bypass us [graduate from the Residency Program] and just go to Rio Grande Medical Group - and your daughter too!"**  (Dr. Thomas had a job waiting for her at the Las Cruces Rio Grande Medical Group, and her daughter had just been accepted into the B.A./M.D. program at the

9

University of New Mexico.)   This angry discrimination harbored by Andazola and Gomez further fueled their intent to target Dr. Thomas in order to illegally force her out of the Residency Program.

24.     On the evening of November 23, 2014, Gomez told Dr. Thomas with a demeaning tone that she was "like a chicken without a head."  This demeaning comment was overheard by Dr. Anne Roberti.

25.     During February of 2015, Gomez wrongfully blamed Dr. Thomas for an ICU nurse's mistake by falsely connecting the cause of the nurse's mistake to Dr. Thomas' "lack of communication skills."  Gomez's falsification of this incident was wrongfully used by Gomez and Andazola as a pretext to terminate Dr. Thomas from the Residency Program on March 6, 2015.

26.     Of course, Dr. Thomas immediately appealed this baseless and prejudiced-motivated termination, and the Medical Center's Appeal Committee unanimously reinstated her into the program.  This tactic on the part of Drs. Andazola and Gomez nevertheless delayed Dr. Thomas' reentry into the Residency Program until November of 2015, which consequently delayed her residency progress and caused her to suffer additional severe and extreme emotional distress because she knew that Andazola and Gomez would continue to target her for mistreatment because she was an older "foreign" woman against whom they were rabidly aligned because of their illegal and discriminatory prejudice.

27.     These Defendants (Andazola and Gomez), in tacit conspiracy and/or collusion with each other and, at times, with one or more of the other named Defendants, were determined to prevent Dr. Thomas from graduating from the Residency Program and then hired into a much sought-after position in a local medical clinic (the Rio Grande Medical Group) which was owned

and operated by Eugene Samuel and his wife, Roset Samuel, M.D., a highly reputable and respected doctor (also of South East Indian descent), who is Dr. Thomas' sister.

28.     Andazola and Gomez were, of course, incensed by Dr. Thomas' reinstatement into the Residency Program by the Appeal Committee, and they thereafter bided their time for another opportunity to thwart her graduation from the Residency Program by constantly inflicting emotional distress upon Thomas, all the while looking for a pretext in order to justify the eventual termination of Dr. Thomas from the Residency Program.

29.     In August of 2016, Andazola wrongfully removed Dr. Thomas from her obstetrics rotation for an alleged "error."   An investigation revealed that Dr. Thomas had done nothing wrong, and the so-called "error" had been fabricated by Andazola.

30.     In September of 2016, Andazola called Dr. Thomas into his office and falsely accused her of "saying to people that I [Dr. Andazola] am 'nitpicking' you [Dr. Thomas]."

31.     Even though it was <u>true</u> that Andazola was, in fact, constantly "nitpicking" Dr. Thomas via his relentless race, gender and age discrimination leveled against her, it was <u>untrue</u> that Dr. Thomas had discussed her plight with other members of the staff, yet Andazola nevertheless chose to use this particular pretext as an opportunity for him to once again angrily yell at and emotionally intimidate Dr. Thomas while on the Clinic's premises, and he also threatened Dr. Thomas by telling her that **if she told anyone about his discussion (rant) with her, she would not be allowed to graduate from the program**.   He then screamed at Dr. Thomas to leave the room and physically followed Dr. Thomas in close proximity while she ran to the door, yelling at her, **"Get out! If you don't get out, I will get them [hospital security] to get you out!"** He even yelled at her after she left the room.   Andazola's actions during this

encounter were clearly meant to physically threaten Dr. Thomas with imminent bodily harm, and she indeed felt so threatened.

32.     During this time period, Andazola's and Gomez's openly-flaunted illegal discrimination against Dr. Thomas unfortunately encouraged other staff to join in.  Their most willing agent was the Family Medicine faculty advisor, Defendant Danielle Fitzsimmons-Pattison, M.D.

33.     For example, on November 20, 2016, when Dr. Thomas was discussing the appropriate discharge of a patient, Fitzsimmons-Pattison wrongly assumed that the discharge was untimely, and she unprofessionally and defamatorily stated to Dr.Thomas, <u>in the presence of another resident and in earshot of the patient</u>, **"This is a fucking safety issue created by you!"** Pattison never apologized to Dr. Thomas for her vulgar and false attribution of blame to Dr. Thomas.

34.     On November 28, 2016, Gomez yelled at Dr. Thomas in the Emergency Room ("ER") in front of Dr. Adedipe, Dr. Labranche, Pharmacist Lance Trujillo, other nurses, patients and their family members.   The next day, Gomez "apologized" to Dr. Thomas for yelling at her in the ER, but then resumed berating her in a loud voice because Dr. Thomas was allegedly "disorganized."

35.     Unbeknownst to Dr. Thomas, on December 16, 2016, her sister, Roset Samuel, M.D., and her brother-in-law, Eugene Samuel, reported to Defendant John Harris, CEO of Memorial Hospital, that Dr. Thomas was being harassed by Andazola, Gomez and Fitzsimmons-Pattison, causing Dr. Thomas to be subjected to a "hostile work environment."  This report constituted a "protected complaint" made on behalf of Dr. Thomas.

36.     Harris immediately relayed to Andazola the concern of Dr. Thomas' family with his and his wife's misconduct, and *that same evening,* Andazola called Dr. Thomas into his office and told her, **"I am hearing threats from your family – the Samuels.  I will terminate you and face any consequences!"**   This unequivocal statement of his illegal intent to retaliate against Dr. Thomas was in direct response to the protected complaint of discrimination made by her sister and brother-in-law on her behalf.

37.     Andazola knew that this nighttime edict that he made to Dr. Thomas would inflict additional severe and extreme emotional distress upon her, and he indeed succeeded in doing so. This final verbal assault still, to this very day, triggers Dr. Thomas' recall of the violent nature of all of her interactions with Drs. Andazola and Gomez, which no doctor (nor any human being) should ever be required to endure while engaging in a professional internship, especially while employed on the premises of a supposedly reputable medical facility.

38.     On January 12, 2017, Andazola spontaneously called Dr. Thomas into a meeting. Also present were Laura Pierce, HR Manager, Danielle Fitzsimmons-Pattison, Faculty Advisor, John Kutinac, Program Coordinator, and Patrick Leung, Pharmacist Faculty.  Andazola then told Dr. Thomas that she was going to be terminated from the program for a second time.   He did not explain why.  In response, Dr. Thomas said directly to Andazola for all to hear, **"You always apply different standards for me."**  Andazola remained silent and did not deny the truth of her statement.

39.     On January 18, 2017, Dr. Thomas was formally terminated from the Residency Program, allegedly based upon numerous pretexts conjured up by Andazola and Gomez but most certainly in retaliation for Dr. Thomas' protected complaint which was delivered to Defendant Harris by Mr. Eugene Samuel and Dr. Roset Samuel on December 16, 2016.  They (Andazola

and Gomez) had finally exacted the revenge they had been seeking for their thwarted effort to terminate Dr. Thomas from the Residency Program in March of 2015.   (Andazola put his pretextual "reasons" for the second termination in writing on January 18, 2017, because he was pressured to do so by Dr. Thomas, and all of them were false.)

40.     ***At no time during this second termination process was Dr. Thomas interviewed by anyone affiliated with the hospital (especially outside of the presence of Andazola and/or Gomez) including by the HR manager who personally overheard Dr. Thomas' verbal objection to the disparate treatment perpetrated by Andazola, to determine Dr. Thomas' side of the story and what she had meant by saying,   "You [Andazola] always apply different standards to me [Dr. Thomas]."***

41.     **This failure by the Medical Center and its Board of Directors to fully and fairly investigate to determine the underlying reason for Dr. Thomas' termination constitutes gross negligence *per se* and confirms the hospital's ratification of the illegal discrimination perpetrated against Dr. Thomas by the Medical Center's representatives.**

42.     The Board did not conduct a proper investigation and merely rolled over for Andazola and Gomez, despite clear indications that illegal discrimination had been perpetrated against Dr. Thomas, an older South East Indian female.

43.     All of the alleged reasons for Dr. Thomas' termination which were later formally alleged by Andazola were only for minor or fabricated discrepancies in performance, none of which, singly or in combination, justified Dr. Thomas' termination from the Residency Program. The Board should have exercised extraordinary care in scrutinizing the most recent allegations of Andazola (especially in view of Andazola's dishonest attempt to terminate Dr. Thomas in 2015) before it legitimized Andazola's wrongful termination of Dr. Thomas in January of 2017.

44.     The Board's failure to exercise and perform this duty of due care was indicative of its negligent failure to oversee the residency program, to properly supervise and monitor Andazola and Gomez and/or to thoroughly investigate their alleged misconduct to ascertain what may have been their illegal motives during their first attempt to terminate Dr. Thomas in 2015 and their second termination of Dr. Thomas in 2017.   Such failure by the Defendant Board members also constituted illegal race, age and gender discrimination, retaliation for making a protected complaint through her family, conspiracy to accomplish the same and ratification of the illegal discrimination perpetrated by Andazola and/or Gomez.

45.     In addition, Dr. Thomas' termination simply cannot be justified because, among her other achievements, she accomplished the following:

-     In 2013, her 390 exam score was among the top seven of entire residency program. Three of the six residents in her "batch" scored less than the requisite.

-     In 2014, her 360 exam score made her one of two residents in her batch that scored less than the requisite, which lower score is attributed to the emotional distress she was experiencing as a result of the constant and escalating illegal discrimination and intentional infliction of emotional distress being perpetrated against her by Andazola and Gomez.

-     In 2015, her 470 exam score placed her as the top scorer in her batch and again in the top five scores of the entire Residency Program.

-     In 2016, her 470 exam score was among the top three scores of the entire Residency Program. One resident in the second year scored less than the requisite; four residents in the third year scored less than the requisite.

(The American Board of Family Medicine website indicates that Dr. Thomas has successfully completed 29 months of residency training which can be reallocated to reflect satisfactory completion of 3 years of training.   The Defendants have failed to make such reallocation.)

15

46.     Dr. Thomas' termination was a direct result of illegal discrimination and retaliation because a "Revised Action Plan" for her had only been put in place on November 23, 2016, and there was insufficient time to assess her performance under that plan before Andazola fired her in response to her protected complaint which was disclosed to him by Defendant Harris on December 16, 2016. (Recall that Andazola told Dr. Thomas on the night of December 16, 2016, that **"I [Andazola] am hearing threats from your [Dr. Thomas'] family - the Samuels. I [Andazola] will terminate you [Dr. Thomas] and face any consequences!"**)

47.     Finally, despite the requirement that a termination of Dr. Thomas' Resident Physician Employment Agreement occur only *with cause*, <u>no just cause was mentioned in Andazola's January 18, 2017, termination letter</u>.   Also, implied in every contract of this nature is a covenant of good faith and fair dealing, which covenant was breached by Andazola and Gomez with brazen disregard for Dr. Thomas' legal rights and emotional well-being.

48.     In addition, despite having actually completed 33 months of residency, because of the discriminatory mistreatment and abuse meted out by Andazola and Gomez, Dr. Thomas was only credited with 29 months of residency, delayed in completion of the program by an initial wrongful termination and finally blocked by a second wrongful termination based upon illegal pretext.

49.     Following an attempted mediation of her claims, Dr. Thomas, by and through her counsel, requested Andazola (and thereby the other Defendants) to submit an accurately completed Postgraduate Training Verification form (hereinafter "PTV form") to the New Mexico Medical Board so that an accurate verification of Dr. Thomas' satisfactory completion of at least 24 months (she had actually completed 29 months) in the Residency Program could be

presented to the New Mexico Medical Board, and Dr. Thomas' license to practice medicine in

the State of New Mexico could then be issued. The PTV form, signed by Andazola,, reviewed

and/or approved by all liability Defendants and submitted to the New Mexico Medical Board by

Andazola, included an attachment signed by Andazola which contained the statement, **"On**

**January 12, 2017, Dr. Thomas was dismissed again from the residency program due to**

**continued academic difficulties."** This statement is patently false, was known to be false by

Andazola and which should have been known to be false by all liability Defendants. (Remember,

on the night of December 16, 2016, Andazola told Dr. Thomas, **"I [Andazola] am hearing**

**threats from your [Dr. Thomas'] family - the Samuels.  I [Andazola] will terminate you**

**[Dr. Thomas] and face any consequences!"** *See* paragraph 36 above.)    Andazola and the

other liability Defendants therefore well knew that there were no such "academic difficulties,"

and that any such "difficulties" later manufactured by the liability Defendants were concocted in

conspiracy as a pretext to cover for the real reason Andazola terminated Dr. Thomas from the

residency program - invidious racism, misogyny, ageism and religious prejudice.

50.    **"Standards were not applied [by Andazola and Gomez] objectively and**

**equally across the board. These standards were reserved for residents who became the**

**object of Andazola's and Gomez's scrutiny and these residents were almost without**

**exception from different cultural backgrounds than their own."** This quote is from a written

statement provided by another medical doctor in the Residency Program.

51.    A portion of the applicable public policy and standard of care is reflected in the

**New Mexico Medical Practice Act**, NMSA 1978, Section 66-6-1, *et seq.*:

-       **The New Mexico Medical Board ["NMMB"] also acts "in the interest of the**
        **public health, safety and welfare and to protect the public from the**

improper, unprofessional, incompetent and unlawful practice of medicine." Section 61-6-1(B).

- The NMMB shall "... suspend and revoke licenses to practice medicine and censure, reprimand, fine and place on probation and stipulation licensees ... for any cause stated in the Medical Practice Act ...." Section 61-6-5(H).

- The NMMB "may ... revoke or suspend a license ... and may fine, censure or reprimand a licensee upon satisfactory proof being made to the board that the ... holder of the license has been guilty of unprofessional or dishonorable conduct." Section 61-6-15(A).

- The NMMB "may, in its discretion and for good cause shown, place the licensee on probation on the terms and conditions it deems proper for the protection of the public, for the purpose of rehabilitation of the probationer or both." Section 61-6-15(B).

- "If evidence fails to establish ... that the licensee ... is of good moral character ... the board [NMMB] may revoke or suspend the license." Section 61-6-15©.

- "'Unprofessional or dishonorable conduct,' as used in this section, means, but is not limited to ... conduct of a licensee that includes the following ... (18) conduct likely to deceive, defraud or harm the public." Section 61-6-15(D)(18).

52. In addition, the **American Medical Association Code of Medical Ethics**, provides, in part:

I.     A physician shall be dedicated to providing competent medical care, with compassion and respect for human dignity and rights;

II.    A physician shall uphold the standards of professionalism, be honest in all professional interactions ...;

III.   A physician shall respect the law ...;

IV.    A physician shall respect the rights of ... colleagues and other health professionals...;

18

53.     All of the foregoing professional standards and statutory requirements not only constitute an essential part of the standard of care to be applied to the conduct of all of the Defendants, but also put the egregious nature of Andazola's (and other Defendants') misconduct, including other the Defendants' tacit support of such misconduct, in its proper perspective and context, and these standards form the basis upon which a jury can award actual and punitive damages in favor of Dr. Thomas and upon which the Court can and must rely to enjoin all of the Defendants in order to immediately remedy the injustice of the deliberately manufactured pretexts concocted to deprive the Plaintiff of her ability to follow her calling in medicine, which misconduct enables the most reprehensible of motives in our society.

## COUNT I

**Gender, Race/National Origin and Religious Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act, As Amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (All Defendants, Except the New Mexico Medical Board)**

54.     The allegations stated in paragraphs 1 through 53 are repeated as if fully stated herein.

55.     The above-described misconduct conduct perpetrated by these Defendants constitutes harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (individually and collectively "the Civil Rights Act"). These Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

56.     Defendants wrongfully terminated Dr. Thomas' employment because she was an older woman of East Indian descent, believed by one or more of the liable Defendants to be a practitioner of the Hindu religion who opposed Defendants' illegal discrimination and who suffered illegal retaliation as a result.

57.     Defendants' discrimination and retaliation against Dr. Thomas violated Dr. Thomas' rights under the Civil Rights Act.  Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

58.     As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer embarrassment, humiliation, emotional distress and loss of employment and other economic damages and has been denied the full enjoyment of life.

59.     The conduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or by gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, creating for her a hostile work environment, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

**WHEREFORE**, on Count I, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems proper.

**COUNT II**

**Age Discrimination in Violation of the**

**Age Discrimination in Employment Act of 1967**

**(All Defendants, Except the New Mexico Medical Board)**

60. Plaintiff incorporates and re-alleges paragraphs 1 through 59 above as if fully set forth herein.

61. The above-described misconduct conduct perpetrated by these Defendants constitutes age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C., Sections 621, *et seq.*

62. As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer embarrassment, humiliation, emotional distress and loss of employment and other economic damages and has been denied the full enjoyment of life.

63. The conduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or by gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, creating for her a hostile work environment, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

64. These Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

**WHEREFORE**, on Count II, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages,

together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT III

### Gender, Race/National Origin, Religious and Age Discrimination and Retaliation in Violation of the New Mexico Human Rights Act (All Defendants, Except the New Mexico Medical Board)

65.     Plaintiff incorporates and re-alleges Paragraphs 1 through 64 above as if fully set forth herein.

66.     The New Mexico Human Rights Act, NMSA §28-1-7, *et seq.*, makes it an unlawful and discriminatory practice for an employer to discriminate (or retaliate) in the terms and conditions or privileges of employment because of a person's sex, race/national origin, religion and/or age and/or for making a protected complaint against such discrimination.

67.     These Defendants had a duty by law not to discriminate nor retaliate against and/or harass Dr. Thomas because she was a female of East Indian descent over the age of forty, perceived by one or more of the liable Defendants to be a Hindu.

68.     These Defendants violated this duty, as well as the provisions of NMSA 1978, §28-1-7, by their aforementioned actions and inactions and by their creation and perpetuation of a hostile and discriminating work environment.

69.     As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer severe and extreme emotional distress, embarrassment, humiliation, loss of employment and income and other damages.

70.     The misconduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

**WHEREFORE**, on Count III, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems to be proper.

**COUNT IV**
**Intentional Interference With Employment Contract**
**(All Defendants, Except the New Mexico Medical Board)**

71.     Plaintiff incorporates and realleges Paragraphs 1 through 70 above as if fully set forth herein.

72.     Dr. Thomas had a contract of employment with the Medical Center, of which one or more or all of the other Defendants (except for the New Mexico Medical Board) intentionally interfered with and procured its breach.

73.     Said Defendants breached their respective duties to Dr. Thomas to not interfere with her contract of employment with the Medical Center, through any artifice whatsoever, to include by unlawfully causing her to be terminated from such employment.

74.     Said Defendants (one or more or all of them) are therefore liable to Dr. Thomas for each's respective tortious interference with Dr. Thomas' contract of employment with the Medical Center and all consequent damages flowing therefrom.

75.     Each of such Defendant's interference with Dr. Thomas' employment contract with the Medical Center was intentional, willful, malicious, reckless, wanton, grossly negligent and/or deliberately indifferent to Dr. Thomas' rights and feeling, thereby entitling Dr. Thomas to an additional award of punitive damages against each of the complicit Defendants, jointly and/or severally.

76.     As a result of such Defendants' intentional interference with Dr. Thomas' employment contract, Dr. Thomas has suffered and will continue to suffer economic damages, embarrassment, humiliation and severe and extreme emotional distress, as well as other related damages.

**WHEREFORE**, on Count IV, Dr. Thomas requests that judgment be entered against all of these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such other and further relief as the Court deems proper.

**COUNT V**
**Intentional Infliction of Emotional Distress/Outrageous Conduct**
**(All Defendants, Except the New Mexico Medical Board)**

77.     Plaintiff incorporates and realleges Paragraphs 1 through 76 above as if fully set forth herein.

78.     These Defendants intended (or acted with reckless indifference for the consequences of their acts and/or omissions) and/or knew or should have known that their acts and/or omissions as described above would cause Dr. Thomas to suffer severe and extreme emotional distress.  Defendants' misconduct was ratified and adopted by Defendants Medical Center and LifePoint.

24

79.     As a result of this outrageous conduct and infliction of emotional distress upon Dr. Thomas by these Defendants, Dr. Thomas has suffered embarrassment, humiliation, economic damages and severe and extreme emotional distress, for which these Defendants are jointly and severally liable to Dr. Thomas.

80.     This infliction of emotional distress upon Dr. Thomas was undertaken by these Defendants  intentionally, willfully, maliciously, recklessly, wantonly, negligently and/or with deliberate indifference to Dr. Thomas' rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count V, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT VI
### Negligent Training, Management, Supervision and Investigation
### (Defendants Memorial Medical Center, its Board of Directors and LifePoint)

81.     Plaintiff incorporates and realleges Paragraphs 1 through 80 above as if fully set forth herein.

82.     Defendants Memorial and/or its Board of Directors and/or LifePoint owed a duty to Plaintiff to properly train, manage and supervise Directors and/or employees of Memorial, to include Defendants Andazola and Gomez, and to properly investigate the activities of these Defendants following receipt of Dr. Thomas' complaints of mistreatment and/or Charges of Discrimination, and to comply with the standards of care established by the New Mexico Medical Practice Act (*see* paragraph 51 above) and the American Medical Association Code of

Medical Ethics (*see* paragraph 52 above), all in order to insure that they did not discriminate and/or illegally retaliate against older, female employees of other nationalities and races, including Dr. Thomas specifically, nor interfere with their contracts (including Dr. Thomas' contract) of employment with Memorial or otherwise mistreat them (specifically Dr. Thomas) in violation of federal and state laws, and, in order to cure and rectify the harm inflicted upon Dr. Thomas, to include insuring that Defendant Andazola and the Residency Program assisted Dr. Thomas in securing her license to practice medicine in New Mexico..

83.     Defendants Memorial and its Board of Directors, LifePoint and other yet-to-be-identified Defendants negligently breached said duty by failing to properly train and supervise Defendants Andazola and Gomez and to properly investigate their illegal misconduct to insure that they did not illegally discriminate against Plaintiff and thereby thwart her advancement in and graduation from the Residency Program.

84.     Said breach(es) of duty proximately caused the Plaintiff to suffer the harm described above, for which these Defendants are jointly and severally liable.

85.     This breach of duty was evidently undertaken by these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VI, Dr. Thomas requests that judgment be entered against Defendants Memorial and its Board of Directors, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT VII
### Bad Faith Breach of Employment Contract
### (Defendants Memorial Medical Center and its Board of Directors)

86.     Plaintiff incorporates and realleges Paragraphs 1 through 85 above as if fully set forth herein.

87.     Defendant Memorial and, by implication, its Board of Directors, and by and through its agent Defendant Andazola, contracted with Dr. Thomas to provide her with medical residency training in exchange for her medical services provided to patients of Memorial. Defendant Memorial and its Board of Directors, by and through the acts and/or omissions of Defendants Andazola, Gomez and/or one or more of the individual Board members, breached said contract in bad faith by deliberately manufacturing unwarranted obstacles to Dr. Thomas' advancement in the Residency Program as described above, in order to obstruct and thwart Dr. Thomas' timely completion of the program and her ability to practice medicine in New Mexico.

88.     This breach of contract was accomplished by Memorial and its Board of Directors, and/or by Andazola acting as the authorized representative on behalf of Memorial and its Board of Directors, deliberately and in bad faith, causing Dr. Thomas to suffer irreparable harm, to include, but not limited to, loss of income, loss of reputation and standing in the community, loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

89.     This breach of duty was evidently undertaken by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VII, Dr. Thomas requests that judgment be entered against Defendants Memorial and/or the Defendant members of its Board of Directors and/or Andazola, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT VIII**

**Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Defendants Memorial Medical Center and/or its Board of Directors**
**and/or Andazola and/or Gomez)**

90.     Plaintiff incorporates and realleges Paragraphs 1 through 89 above as if fully set forth herein.

91.     Implied in every contract is a covenant of good faith and fair dealing, and such covenant was therefore also an implied condition of Defendant Memorial's contract with Dr. Thomas.  Defendant Memorial (including one or more of the members of its Board of Directors and/or its agents/representatives Andazola and/or Gomez) breached said covenant in bad faith by and through the misconduct of its agents and/or representatives described above, which misconduct thwarted Dr. Thomas' advancement in the Residency Program as described above, and thereby permitted the obstruction of Dr. Thomas' timely completion of the Program and of her ability to practice medicine in New Mexico.

92.     This breach of the implied covenant of good faith and fair dealing was accomplished by Memorial and/or its Board of Directors and/or Andazola and/or Gomez deliberately and in bad faith, causing Dr. Thomas to suffer irreparable harm, to include, but not limited to, loss of her access to her medical license, loss of income, loss of reputation and

standing in the community and loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

93.     This breach of the implied covenant of good faith and fair dealing was evidently undertaken by these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VIII, Dr. Thomas requests that judgment be entered against Defendants Memorial and/or its Board of Directors and/or Defendant Andazola and/or Defendant Gomez, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT IX**

***Respondeat Superior*** **and Agency Liability**

**(Defendants Memorial Medical Center, dba Southern New Mexico Family Medicine Residency Program and/or aka Memorial Medical Center Auxiliary; and LifePoint Health, Inc., dba LifePoint RC, Inc.)**

94.     Plaintiff incorporates and realleges Paragraphs 1 through 93 above as if fully set forth herein.

95.     Upon information and belief, Defendants LifePoint are the parent organization(s) of Defendants Memorial Medical Center, dba Southern New Mexico Family Medicine Residency Program and/or aka Memorial Medical Center Auxiliary.

96.     Defendants LifePoint have also advanced its/their interests through its/their principal/agent relationship with Defendants Memorial Medical Center and/or Memorial's

agents and/or representatives and have therefore participated in the advancement and condonation of the illegal misconduct of Defendants Memorial Medical Center and its employees, Andazola and Gomez, thereby acknowledging that these individual defendants are also *de facto* employees of LifePoint, thereby rendering LifePoint liable for the misconduct of all of the Defendants (except for the New Mexico Medical Board) pursuant to the doctrines of agency and/or *respondeat superior*.

97.    Defendants LifePoint have also conspired with one or more of the other Defendants (except for the New Mexico Medical Board) in the drafting and submission of the Postgraduate Training Verification form to the New Mexico Medical Board which was falsified in order to prevent Plaintiff from securing her license to practice medicine in the State of New Mexico, thus causing Plaintiff to suffer enormous harm and distress.    (This liability for conspiracy is separate and distinct from LifePoint's liability pursuant to the legal doctrines of agency and/or  *respondeat superior*.)

98.    Accordingly, these named Defendants are bound by the egregious and illegal misconduct of their actual and *de facto* employees, agents and/or representatives, pursuant to the doctrines of agency and of *respondeat superior*, and Plaintiff is therefore entitled to recover all of her consequential damages from these Defendants, jointly and/or severally, to include, but not limited to, loss of income, loss of reputation and standing in the community, loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

99.    This misconduct conducted on behalf of these Defendants was evidently undertaken intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate

indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages from all Defendants (except the NMMB), jointly and/or severally.

**WHEREFORE**, on Count IX, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT X
### Assault
### (Defendant Andazola)

100.    Plaintiff incorporates and realleges Paragraphs 1 through 99 above as if fully set forth herein.

101.    Defendant Andazola's physical presentation to Dr. Thomas when verbally berating Dr. Thomas during his encounters with her, as described in paragraphs 19, 20, 31, 36, 37 and 38 above, was accomplished by Andazola in a violent and physically intimidating manner which was intended to frighten Dr. Thomas and pose a threat to her of the infliction upon her by Andazola of imminent bodily harm, which Andazola had a present ability to accomplish because these threats were made when he was alone with Dr. Thomas and because Andazola physically postured his much larger body in an aggressive stance which was designed to communicate, and did so communicate, to Dr. Thomas that she was at physical risk if she did not submit to his will.

102.    This threat of bodily harm caused Dr. Thomas to suffer severe and extreme emotional distress, for which Andazola is liable.

103.    This assault of Dr. Thomas perpetrated by Defendant Andazola was accomplished by Andazola intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count X, Dr. Thomas requests that judgment be entered against Defendant Andazola, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XI
### Defamation/Libel
### (All Defendants, Except the New Mexico Medical Board)

104.    Plaintiff incorporates and realleges Paragraphs 1 through 103 above as if fully set forth herein.

105.    NMSA 1978, Section 30-11-1, criminal libel, provides:

Libel consists of making, writing, publishing, selling or circulating without good motives and justifiable ends, any false and malicious statement affecting the reputation, business or occupation of another, or which exposes another to hatred, contempt, ridicule, degradation or disgrace.

**Whoever commits libel is guilty of a misdemeanor [crime].**

The word "malicious," as used in this article, signifies an act done with evil or mischievous design and it is not necessary to prove any special facts showing ill-feeling on the part of the person who is concerned in making, printing, publishing or circulating a libelous statement against the person injured thereby.

A.    A person is the maker of a libel who originally contrived and either executed it himself by writing, printing, engraving or painting, or dictated, caused or procured it to be done by others.

32

B.   A person is the publisher of a libel who either of his own will or by the persuasion or dictation, or at the solicitation or employment for hire of another, executes the same in any of the modes pointed out as constituting a libel ....

C.   A person is guilty of circulating a libel who, knowing its contents, either sells, distributes or gives, or who, with malicious design, reads or exhibits it to others.

D.   The written, printed or published statement to come within the definition of libel must falsely convey the idea either:

(2)   that he [she] has been guilty of some act or omission which, though not a penal offense, is disgraceful to him [her] as a member of society, and the natural consequence of which is to bring him [her] into contempt among honorable persons;

E.   It shall be sufficient to constitute the crime of libel if the natural consequence of the publication of the same is to injure the person defamed although no actual injury to his reputation need be proven.

106.   Civil defamation constitutes the publication of a statement known to be false (or made with reckless disregard for its truth or falsity) with the intent to cause harm to another (or with reckless disregard for the potential harm).

**New Mexico Civil Jury Instructions 13-1007. Defamatory communication: Defined.**

Defamatory communications are those which tend to expose a person to contempt, to harm the person's reputation, or to discourage others from associating or dealing with [her].

107.   These Defendants, jointly and/or severally, either perpetrated or conspired to perpetrate the above-referenced libel/defamation of Plaintiff (falsely reporting and publishing that her character, professionalism and/or educational achievement were deficient) and/or caused, condoned, permitted and/or ratified Andazola's and/or Gomez's publishing of one or

33

more of the false statements about Plaintiff or Plaintiff's accomplishments referenced above, to include, but not limited to, Andazola's publishing of the fraudulent Postgraduate Training Verification form ("PTV form") to the New Mexico Medical Board, and/or one or more of these Defendants, jointly and/or severally, condoned, supported and/or ratified the publishing of the above-described defamation, including the PTV form, either individually and/or in conspiracy with one or more of the other Defendants**.**

108.    Such publications were accomplished by one or more of these Defendants with the intent to cause Plaintiff to suffer harm and damage to her reputation, knowing that such would result in financial loss to Plaintiff, loss of her good reputation in the community, damage to her professional standing and reputation and the infliction upon her of severe and extreme emotional distress, and, in fact, Plaintiff has suffered and will suffer in the future such harm, thereby rendering these Defendants jointly and/or severally liable to Plaintiff for all of her consequent damages.

109.    This harm perpetrated against Plaintiff was accomplished by these Defendants, or by one or more of them, intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count XI, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XII
### Negligence, Negligence *Per Se* and/or Gross Negligence *Per Se*
### (All Defendants, Except the New Mexico Medical Board)

110. Plaintiff incorporates and realleges Paragraphs 1 through 109 above as if fully set forth herein.

111. As stated above, these Defendants owed professional and statutory duties and a duty of due care to Plaintiff to ensure that she was not being illegally discriminated against in the Residency Program and therefore not illegally blocked by Andazola, *et al.*, in violation of federal and state anti-discrimination laws and a duty of due care to fairly and fully investigate the underlying reason(s) for her termination from the Residency Program, especially after Plaintiff expressed that she was being subjected to disparate treatment and illegal harassment, and to immediately restore her to the Program following her illegal termination and/or to insure that she achieved her medical licensure with the State of New Mexico by proper verification to the New Mexico Medical Board.  Defendants breached these duties by failing to investigate and/or discover and reverse the negative impact of the illegal motivation and discriminatory agenda of Andazola and Gomez, especially following each of the adverse employment actions undertaken by Andazola and/or Gomez against Plaintiff, including these Defendants' initial attempt to expel Plaintiff from the Residency Program which the Defendant Board of Directors and/or Defendant Memorial Hospital executives or representatives overturned, which illegal motivation and discriminatory agenda all Board members, Defendants Memorial and/or LifePoint and/or their representatives and/or agents negligently and/or recklessly and/or intentionally "overlooked" when later requested by undersigned counsel to right the wrongs perpetrated against the Plaintiff. Many of said "wrongs" are summarized herein.

35

112.     The breach(es) of these duties by Defendants LifePoint and/or Memorial and/or Memorial's Board of Directors, agents, representatives and/or employees constitute, at the very least, negligence; and, because of the egregiousness of the breach(es) of duty, negligence *per se* and/or gross negligence *per se*, such breach(es) has/have caused and continues/continue to cause Plaintiff to suffer consequential harm, to include financial and professional damage and severe and extreme emotional distress.

113.     This harm perpetrated against Plaintiff was accomplished by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count XII, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XIII

### *Prima Facie* Tort

### (All Defendants, Except the New Mexico Medical Board)

114.     Plaintiff incorporates and realleges Paragraphs 1 through 113 above as if fully set forth herein.

115.     These Defendants engaged in acts and/or omissions for which they intended to cause harm to Plaintiff.

116.     As is reflected above, such acts and/or omissions did, in fact, cause Plaintiff to suffer the harm alleged herein, and these Defendants are jointly and/or severally liable to Plaintiff for such harm.

117.     This harm perpetrated against Plaintiff was accomplished by Andazola intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count XIII, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT XIV**
**Civil Conspiracy**
**(All Defendants, Except the New Mexico Medical Board)**

118.     Plaintiff incorporates and realleges Paragraphs 1 through 117 above as if fully set forth herein.

119.     Each of the individual Defendants conspired with one or more of the other Defendants as reflected by the overt acts committed against Plaintiff which are referenced above, thus proximately causing Plaintiff to suffer the harm described above, and such conspirac(y)(ies) render all conspirators jointly and/or severally liable to Plaintiff for all of her consequent damages.  (The "overt acts" committed in furtherance of said conspiracy include, but are not limited to, the Defendants' failure to prevent Andazola and/or Gomez from blocking Plaintiff's completion of the Residency Program, especially after their initial attempt was determined to be

improper, AND Defendants' overt failure and/or refusal, accomplished by and through and or condoned by one or more of Defendants' agents and/or representatives, to take action to reverse or mitigate the illegal misconduct of Andazola and/or Gomez, to include, but not limited to, Defendants' overt failure, upon the express written request of Plaintiff's counsel, to report to the New Mexico Medical Board that Plaintiff had satisfactorily completed her minimum residency requirements so that she could finally receive her medical license and thus mitigate the damage inflicted upon her by one or more or all of the Defendants.)

120.    This conspiracy perpetrated against Dr. Thomas was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to her rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages from all Defendants determined by the jury to be complicit.

**WHEREFORE**, on Count XIV, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XV
### For Injunctive Relief
### (All Defendants, Including the New Mexico Medical Board)

121.    Plaintiff incorporates and realleges Paragraphs 1 through 120 above as if fully set forth herein.

122.    As stated above in paragraph 51, a portion of the applicable public policy and standard of care applicable to the illegal mistreatment and abuse of Dr. Thomas is reflected in the New Mexico Medical Practice Act:

123.    In addition, the American Medical Association Code of Medical Ethics also establishes standard of conduct by which the Defendants must conduct themselves. *See* paragraph 52 above.

124.    All of the foregoing professional standards and statutory requirements, along with Defendants' obligation to Plaintiff to exercise due care, not only constitute an essential part of the standard of care to be applied to all of the Defendants, but also put the egregious nature of Andazola's (and other individual Defendants') misconduct, including other Defendants' tacit support of it, in its proper perspective and context, and these standards form the basis upon which the Court can and must rely to enjoin all of the Defendants in order to immediately remedy the injustice of the deliberately manufactured pretexts concocted to deprive the Plaintiff of her ability to follow her calling in medicine, enabling the most reprehensible of motives in our society.

125.    Plaintiff is therefore entitled to injunctive relief which requires all Defendants to immediately document, verify, report and facilitate Plaintiff's earliest achievable completion of the Residency Program in such manner as will accomplish her unimpeded ability to be expeditiously licensed to practice medicine in the State of New Mexico as soon as is practicably possible.

126.    In connection therewith, Defendant New Mexico Medical Board must also be enjoined and ordered (1) to immediately investigate the alleged misconduct of the other Defendants' (especially the referenced misconduct of Defendants Andazola and Gomez) and (2) to insure that the impediments resulting from such misconduct (which are described above and which have effectively blocked Plaintiff's access to medical licensure) are immediately

39

removed, in order (3) to insure that Plaintiff's path to medical licensure in New Mexico is speedy, direct, certain and unencumbered by the residues of the racism, ageism, misogyny and/or religious discrimination perpetrated against her by one or more or all of the Defendants, jointly and/or severally, as has been described in this Complaint, and Plaintiff is also entitled to, and therefore prays for, any other relief that the Court shall deem to be necessary to accomplish these ends. *See* **the legislative mandate of and powers granted to the New Mexico Medical Board set forth in paragraph 51 above.**

**WHEREFORE**, on Count XV, Dr. Thomas requests the Court to order injunctive relief which will accomplish the foregoing remedial action and for such other and  further relief as the Court shall deem necessary and/or proper to facilitate and achieve those ends as is mandated by and consistent with the stated, implied and inferred purposes of New Mexico State law.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: _____

Merit Bennett, Esq.
460 St. Michael's Drive, Ste. 703
Santa Fe, New Mexico 87505
Ph: 505-983-9834 | Fax: 505-983-9836
E-mail: mb@thebennettlawgroup.com
*Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/15/2018 3:55:40 PM
STEPHEN T. PACHECO
Rachel Morse

**FIRST JUDICIAL DISTRICT**
**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**                    Case assigned to Ortiz, Raymond Z.


**MARGARET THOMAS, M.D.,**

    **Plaintiff,**

**against**                                   **Case No.:**  D-101-CV-2018-00124

**MEMORIAL MEDICAL CENTER (Las Cruces),**
**dba SOUTHERN NEW MEXICO FAMILY**
**MEDICINE RESIDENCY PROGRAM and/or**
**aka MEMORIAL MEDICAL CENTER**
**AUXILIARY; LIFEPOINT HEALTH, INC.,**
**dba LIFEPOINT RC, INC.; JOHN ANDAZOLA**
**and DOLORES GOMEZ, individually and on behalf**
**of the Southern New Mexico Family Medicine**
**Residency Program; JOHN HARRIS; JOHN MUNOZ;**
**CATHERINE KEMMER; GARY ESSLINGER;**
**PRASAD PODILA; JULIA BROWN; STUART ED**
**and EDDIE BINDER, individually and as members of**
**the Board of Trustees of Memorial Medical Center;**
**NEW MEXICO MEDICAL BOARD; and**
**YET-TO-BE-IDENTIFIED INDIVIDUALS,**
**ENTITIES and/or CO-CONSPIRATORS,**

    **Defendants.**


**JURY DEMAND**

Plaintiff hereby demands that all issues be tried to a jury of six (6) persons.

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: __/s/ *Merit Bennett*_____
    Merit Bennett, Esq.
    460 St. Michael's Drive, Suite 703
    Santa Fe, New Mexico 87505
    Ph: 505-983-9834 | Fax: 505-983-9836
    Email: mb@thebennettlawgroup.com
    *Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/16/2018 4:14:28 PM
STEPHEN T. PACHECO
Marina Sisneros

**FIRST JUDICIAL DISTRICT
STATE OF NEW MEXICO
COUNTY OF SANTA FE**


**MARGARET THOMAS, M.D.,**

     **Plaintiff,**

**against**                            **Case No.: D-101-CV-2018-00124**

**MEMORIAL MEDICAL CENTER (Las Cruces),
dba SOUTHERN NEW MEXICO FAMILY
MEDICINE RESIDENCY PROGRAM and/or
aka MEMORIAL MEDICAL CENTER
AUXILIARY; LIFEPOINT HEALTH, INC.;
LIFEPOINT RC, INC.; JOHN ANDAZOLA
and DOLORES GOMEZ, individually and on behalf
of the Southern New Mexico Family Medicine
Residency Program; JOHN HARRIS; JOHN MUNOZ;
CATHERINE KEMMER; GARY ESSLINGER;
PRASAD PODILA; JULIA BROWN; STUART ED
and EDDIE BINDER, individually and as members of
the Board of Trustees of Memorial Medical Center;
NEW MEXICO MEDICAL BOARD; and
YET-TO-BE-IDENTIFIED INDIVIDUALS,
ENTITIES and/or CO-CONSPIRATORS,**

     **Defendants.**


**FIRST AMENDED COMPLAINT FOR ASSAULT; AGE DISCRIMINATION IN
VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE
NEW MEXICO HUMAN RIGHTS ACT; GENDER, RACE/NATIONAL ORIGIN AND
RELIGIOUS DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, THE CIVIL RIGHTS ACT OF 1991 AND THE
NEW MEXICO HUMAN RIGHTS ACT; INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS; BAD FAITH BREACH OF EMPLOYMENT CONTRACT;
INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT; BAD FAITH
BREACH OF THE IMPLIED COVENANT OF GOOD  FAITH AND FAIR DEALING;
NEGLIGENT TRAINING, MANAGEMENT, SUPERVISION AND INVESTIGATION;
*RESPONDEAT SUPERIOR* AND AGENCY LIABILITY; DEFAMATION/LIBEL;
NEGLIGENCE, NEGLIGENCE *PER SE* AND GROSS NEGLIGENCE *PER SE*; *PRIMA
FACIE* TORT; CIVIL CONSPIRACY; FOR  PUNITIVE DAMAGES
AND FOR INJUNCTIVE RELIEF**

**COMES NOW** Plaintiff Margaret Thomas, M.D., by and through her counsel, Merit Bennett of The Bennett Law Group, LLC, and for her First Amended Complaint against Defendants, states as follows:

## JURISDICTION AND VENUE

1.      The Plaintiff brings this action pursuant to the New Mexico Human Rights Act, N.M.S.A. 1978 § 28-1-1 to -14; The Age Discrimination in Employment Act of 1967, 29 U.S.C., Section 621, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-15, as amended; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and New Mexico law.

2.      Jurisdiction and venue are proper in this Court, as misconduct referred to herein occurred in Las Cruces, Dona Ana County, and in Santa Fe, Santa Fe County, New Mexico. Plaintiff filed a Charge of Discrimination concerning this subject matter with the United States Equal Employment Opportunity Commission and the New Mexico Department of Labor/Workforce Solutions and has obtained the necessary authority to sue from these agencies. Defendants LifePoint Health, Inc., and LifePoint RC, Inc., (LifePoint RC, Inc., is a foreign corporation registered with the New Mexico Secretary of State in Santa Fe, New Mexico) are subject to the jurisdiction and venue of this Court by their appearance in Santa Fe, New Mexico, to do business in this state by assisting one or more of the Defendants in the commission of one or more of the acts and/or omissions which are the subject of this Complaint in Santa Fe County, New Mexico, pursuant to New Mexico law (torts actually committed in this state) and the New Mexico Long-Arm Statute, NMSA 1978, Section 38-1-16.  *See also* paragraphs 14 and 49 below.

**OVERVIEW**

3.     This case involves egregious discrimination perpetrated against an older Christian female medical doctor of East Indian descent, wrongfully associated by Defendants to be a member of the Hindu religious culture, Plaintiff Margaret Thomas, (hereinafter "Dr. Thomas") who was employed by the Defendant Memorial Medical Center (of Las Cruces, New Mexico), dba Southern New Mexico Family Medicine Residency Program and/or aka the Defendant Memorial Medical Auxiliary (hereinafter individually and/or collectively "Memorial," the "Medical Center" or the "Residency Program").  Memorial is believed to be owned and/or operated by either or both LifePoint Health, Inc., and/or LifePoint RC, Inc., one or both corporations of which has/have deliberately, by and through their authorized representative(s, joined the conspiracy already existing among one or more of the other Defendants to wrongfully deprive Plaintiff of access to a New Mexico medical license.

4.     Defendants Memorial, by and through its representatives and agents, Defendants Anazola and Gomez and Memorial's board members/trustees (hereinafter "board members") (acting individually and/or in concert with one or more of the other board members), deliberately and/or negligently obstructed, delayed and/or prevented Dr. Thomas from graduating from the Residency Program by supporting, permitting and/or participating in the malevolent racist, misogynist, ageist and anti-religious discrimination against and mistreatment of Dr. Thomas perpetrated by Defendants Andazola and Gomez and ratified and condoned by Memorial's Defendant Board Members and by one or both of the LifePoint defendants.

5.     The perpetration of the aforesaid illegal and depraved misconduct was accomplished with malice and/or reckless disregard for the rights and feelings of Dr. Thomas

3

and was so venomous that it included the threat of physical assault upon Dr. Thomas perpetrated by Defendant Andazola.

6.    The consequence of this depravity was the denial of Dr. Thomas' completion of her medical residency and therefore the deliberate obstruction of her ability to practice medicine and earn a living as a medical professional in the Las Cruces community and anywhere in New Mexico.  Defendants, by their submission of a false verification to the New Mexico Medical Board and by other discriminatory acts and omissions, some of which are set forth below, have illegally blocked the issuance of Plaintiff's medical license.

7.    Memorial, by and through its Defendant Board Members, and Defendants LifePoint negligently, recklessly and/or intentionally failed to intercede and therefore illegally and impermissibly conspired with Andazola and/or Gomez and/or with one or more of the other named Defendants and/or illegally condoned, ratified and/or supported other Defendants' illegal misconduct, thus rendering one or more or all of the Defendant Board Members and/or Defendants LifePoint equally, jointly and/or severally liable to Dr. Thomas for her consequent emotional, financial and statutory damages and for statutory and/or common law punitive damages, by granting actual and/or tacit authority to Andazola and/or Gomez to ruin the professional life of Dr. Thomas by thwarting her ability to earn a livelihood as a medical doctor, despite her obvious qualification to be licensed as a medical doctor to practice in the State of New Mexico.

**PARTIES**

8.    Plaintiff Margaret Thomas ("Dr. Thomas") is a United States citizen and a resident of Las Cruces, Dona Ana County, New Mexico.  She is a 57-year-old female of East Indian descent - first generation.  She is a devout Christian.

4

9.     Defendant Memorial Medical Center, dba Southern New Mexico Family Medicine Residency Program and/or Memorial Medical Center Auxiliary (all individually and/or collectively hereinafter referred to as "Memorial," the "Medical Center," "Memorial Medical Center" or the "Residency Program"), one or more or all of which are corporations, limited liability companies and/or nonprofit entities doing business in Las Cruces and elsewhere in New Mexico.

10.     Defendant John Andazola (hereinafter "Andazola") is the director of the Residency Program at Memorial, and his assistant or co-director is his wife, Defendant Dolores Gomez (hereinafter "Gomez").

11.     Defendants John Harris, Catherine Kemmer, Gary Esslinger, Prasad Podila, Julia Brown, Stuart Ed, John Munoz and Eddie Binder are/were members of Memorial's Board of Trustees/Directors (hereinafter individually and/or collectively referred to as the "Board" or the "Board of Directors" or "Directors"), one or more or all of which have colluded with, conspired with, ratified and/or condoned and/or acceded to and/or negligently and/or intentionally failed to investigate and/or prevent the herein-described misconduct of Andazola and/or Gomez, thereby causing each and/or all of them to be individually, jointly and/or severally liable to Dr. Thomas for all of her consequential damages.

12.     Defendant LifePoint Health, Inc., ("LifePoint Health") is believed to be a Delaware corporation with its corporate office located at 330 Seven Springs Way, Brentwood, Tennessee.

13.     Defendant LifePoint RC, Inc., ("LifePoint RC") is believed to be a Delaware corporation registered to do business as a foreign corporation in New Mexico and is believed to be owned and/or operated by, and/or is a subsidiary or affiliate of, LifePoint Health.   Any

5

reference hereinafter to "LifePoint" shall also be considered to be a reference to LifePoint RC, Inc., and/or LifePoint Health, Inc.

14.     Defendant Memorial Medical Center is believed to be owned and/or operated by Defendant LifePoint Health and/or by Defendant LifePoint RC.  Any reference hereinafter to any one of these Defendants individually ("Memorial,"  the "Medical Center," "Memorial Medical Center"," the "Residency Program," "LifePoint Health" and/or "LifePoint RC") and/or in the aggregate ("Memorial" or "LifePoint") shall also be deemed to be a reference to one or more or all of these Defendants, jointly and/or severally.  Al of the named Defendants (except the New Mexico Medical Board) shall also be referred to as the "liability Defendants."  Upon information and belief, the LifePoint Defendant(s) is the parent company of Memorial and implicated and interjected themselves into the illegal decision-making process of Memorial with respect to its decision(s) to illegally support, condone and/or ratify the illegal acts and omissions of and/or participate in the illegal discrimination and retaliation described herein which was perpetrated against Plaintiff, to include, but not limited to, the deliberate decision to fail to reverse and/or mitigate the illegal discrimination perpetrated against Plaintiff by Andazola and/or Gomez following a mediation held in Santa Fe, New Mexico.

15.     Defendant The New Mexico Medical Board ("NMMB") was established by the New Mexico State Legislature "in the interest of the public health, safety and welfare and to protect the public from the improper, unprofessional, incompetent and unlawful practice of medicine." *See* New Mexico Medical Practice Act, NMSA 1978, Section 61-6-1, *et seq*. (hereinafter "Medical Practice Act" or "MPA").  In accomplishing such statutory purpose, the NMMB is constituted with the authority to license medical doctors to practice medicine in the State of New Mexico upon receipt of an executed Postgraduate Verification Form properly

6

completed by an approved postgraduate training program which verifies the training received by a medical doctor from an accredited residency program, such as the Family Medicine Residency Program operated by Memorial (on behalf of and/or for the benefit of LifePoint) and Andazola. The NMMB is an agency of the State of New Mexico and is located at 2055 South Pacheco Street, Building 400, in Santa Fe, Santa Fe County, New Mexico.

16.     Yet-to-be-identified individuals, entities and/or co-conspirators are those other individual(s) and/or entity(ies) not yet identified, including unnamed and complicit and/or negligent officers, board members, agents and/or representatives of any named defendant and/or any unnamed business entity or organization, who have condoned, ratified, facilitated, and/or conspired with one or more others or other defendants to undertake, and/or who participated in the accomplishment of, the illegal misconduct referred to in this Complaint, including, but not limited to, those culpable representative(s) of any culpable named defendant; and such individual(s) and/or entity(ies) will be named as party defendant(s) in due course following their identification and/or following the discovery of the nature and extent of their respective culpability, to include, but not limited to, yet-to-be-identified members of Memorial's Board of Directors who may have been in office and party to any of the illegal misconduct directed toward Plaintiff.

## ESSENTIAL FACTS

17.     Margaret Thomas, M.D., is a 57-year-old Christian woman who is a medical doctor and American citizen of South East Indian descent who was wrongfully terminated from the Memorial Medical Center's Southern New Mexico Residency Program (1) as a direct consequence of illegal race, national origin, gender, age and/or religious discrimination, which took the form of (among other acts and/or omissions) constant bullying, intimidation and

7

hostility perpetrated primarily by Defendants John Andazola and Dolores Gomez and their agents and/or surrogates, acting on behalf of (and which discrimination was condoned and/or ratified by) the Residency Program, Memorial, its Board and/or LifePoint and (2) as a proximate consequence of the negligent, reckless or intentional failure of Memorial and its officers and/or board members to investigate, mitigate, correct and/or reverse the impact of the misconduct described herein perpetrated by Defendants Andazola and Gomez.

18.     Dr. Thomas was terminated by Andazola on January 12, 2017, over 3 ½ years after she had entered the Medical Center's Residency Program in July of 2013, during which period she was constantly subjected to patently discriminatory mistreatment at the hands of Andazola and Gomez and their surrogates (including Danielle Fitzsimmons-Pattison (hereinafter "Fitzsimmons-Pattison") who was the Family Medicine Residency Program's faculty advisor and a surrogate/agent of Andazola and Gomez), as a proximate consequence of the Board's negligent oversight of the Residency Program and/or its tacit and/or direct ratification of such misconduct.

19.     Despite already possessing considerable medical training and practical knowledge and experience and despite being sponsored by Eugene Samuel, owner of the Rio Grande Medical Group in Las Cruces, New Mexico, who was holding open a staff position for Dr. Thomas upon her graduation from the Residency Program, Dr. Thomas was subjected to constant bullying, yelling, verbally threatening, demeaning and derogatory comments and openly displayed disrespect (including Andazola's threat of physical assault) perpetrated by Andazola and/or Gomez. Neither Andazola nor Gomez exercised any discretion or restraint whatsoever when bullying and shouting insults at Dr. Thomas in the presence of hospital staff, other residents and patients in the hospital's care, thus publicly humiliating Dr. Thomas, all of which

8

caused Dr. Thomas to suffer embarrassment, humiliation (and fear of imminent bodily harm committed by Andazola), to include, but not limited to, severe and extreme emotional distress which directly and negatively impacted her ability to maximize her performance in the Memorial Residency Program.

20.     Andazola actively targeted Dr. Thomas for invidious race, gender, age, national origin and religious discrimination.  On one occasion in the Residency Clinic during July of 2014, in the presence of his wife, Defendant Gomez, and while generally verbally berating Dr. Thomas, Andazola unbelievably blurted out at Dr. Thomas in a disrespectful, bullying, condescending and elevated tone, "**You're older than me! From now on, _you're going to go down_**!"

21.     This vitriolic statement revealed Andazola's shared intent with his wife Gomez to bully, discriminate against and harm Dr. Thomas because they both perceived that, and therefore discriminated against Dr. Thomas because, she was an older woman of a different race and national origin (Asian of South East Indian descent) who they thought was a devotee of the Hindu religion (Dr. Thomas is actually a devout Christian), in violation of the Civil Rights Act of 1964, as amended, the New Mexico Human Rights Act and the federal Age Discrimination in Employment Act (ADEA). *See* citations above.  On this particular occasion (when Andazola threatened Dr. Thomas by stating, **"_... you're going to go down!_"**), Gomez stood quietly by, apparently relishing in the threat made to Dr. Thomas by her husband and, by her silence and failure to immediately rebuke it and protect Dr. Thomas from her husband's bullying, thereby condoned and adopted his threat as her own.

22.     The discriminatory intent of these two doctors (Andazola and Gomez) (1) to discriminate against Dr. Thomas because she is an older woman of South East Indian descent

whom they mistakenly perceived to be a practitioner of Hinduism and (2) to manufacture a pretext to terminate Dr. Thomas from the Residency Program because she was an older woman of East Indian descent could not have been made more clear by this unequivocal statement made by Andazola - **"*You're older than me! From now on, you're going to go down!*"**

23.     In fact, on the same day and during the same encounter, Andazola, with Gomez present in support, also stated to Dr. Thomas, **"You [Dr. Thomas] think you can bypass us [graduate from the Residency Program] and just go to Rio Grande Medical Group - and your daughter too!"**   (Dr. Thomas had a job waiting for her at the Las Cruces Rio Grande Medical Group, and her daughter had just been accepted into the B.A./M.D. program at the University of New Mexico.)   This angry discrimination harbored by Andazola and Gomez further fueled their intent to target Dr. Thomas in order to illegally force her out of the Residency Program.

24.     On the evening of November 23, 2014, Gomez told Dr. Thomas with a demeaning tone that she was "like a chicken without a head."   This demeaning comment was overheard by Dr. Anne Roberti.

25.     During February of 2015, Gomez wrongfully blamed Dr. Thomas for an ICU nurse's mistake by falsely connecting the cause of the nurse's mistake to Dr. Thomas' "lack of communication skills."   Gomez's falsification of this incident was wrongfully used by Gomez and Andazola as a pretext to terminate Dr. Thomas from the Residency Program on March 6, 2015.

26.     Of course, Dr. Thomas immediately appealed this baseless and prejudiced-motivated termination, and the Medical Center's Appeal Committee unanimously reinstated her into the program.   This tactic on the part of Drs. Andazola and Gomez nevertheless delayed Dr.

10

Thomas' reentry into the Residency Program until November of 2015, which consequently delayed her residency progress and caused her to suffer additional severe and extreme emotional distress because she knew that Andazola and Gomez would continue to target her for mistreatment because she was an older "foreign" woman against whom they were rabidly aligned because of their illegal and discriminatory prejudice.  The Defendant members of Memorial's Board of Directors knew or should of known from Andazola's and Gomez's baseless attempt to terminate Dr. Thomas that Andazola and Gomez would likely harbor an underlying prejudice or resentment against Dr. Thomas which could potentially violate Dr. Thomas' civil rights and/or which likely posed a threat to her emotional well-being and/or her successful graduation from the Residency Program, yet Memorial's Board Members failed to investigate further to insure the preservation of Dr. Thomas' civil rights and/or her emotional/physical safety and also failed to insure that Andazola and Gomez could no longer participate in or have any control over or influence upon Dr. Thomas' advancement in or the determination of whether she should graduate from the Residency Program.

27.     These Defendants (Andazola and Gomez), in tacit conspiracy and/or collusion with each other and, at times, likely with one or more of the other named Defendants, were apparently determined to prevent Dr. Thomas from graduating from the Residency Program and from then being hired into a much sought-after position in a local medical clinic (the Rio Grande Medical Group) which was owned and operated by Eugene Samuel and his wife, Roset Samuel, M.D., a highly reputable and respected doctor (also of South East Indian descent), who is Dr. Thomas' sister.

28.     Andazola and Gomez were, of course, incensed by Dr. Thomas' reinstatement into the Residency Program by Memorial's Appeal Committee, and they thereafter bided their

11

time for another opportunity to thwart her graduation from the Residency Program by constantly inflicting emotional distress upon Dr. Thomas, all the while looking for a pretext in order to justify the eventual termination of Dr. Thomas from the Residency Program.

29.     In August of 2016, Andazola wrongfully removed Dr. Thomas from her obstetrics rotation for an alleged "error."  An investigation revealed that Dr. Thomas had done nothing wrong, and the so-called "error" had been fabricated by Andazola.

30.     In September of 2016, Andazola called Dr. Thomas into his office and falsely accused her of "saying to people that I [Dr. Andazola] am 'nitpicking' you [Dr. Thomas]."

31.     Even though it was <u>true</u> that Andazola was, in fact, constantly "nitpicking" Dr. Thomas via his relentless race, gender and age discrimination leveled against her, it was <u>untrue</u> that Dr. Thomas had discussed her plight with other members of the staff, yet Andazola nevertheless chose to use this particular pretext as an opportunity for him to once again angrily yell at and emotionally intimidate Dr. Thomas while on the Clinic's premises, and he also threatened Dr. Thomas by telling her that **if she told anyone about his discussion (rant) with her, she would not be allowed to graduate from the program**.  He then screamed at Dr. Thomas to leave the room and physically followed Dr. Thomas in close proximity while she ran to the door, yelling at her, **"Get out! If you don't get out, I will get them [hospital security] to get you out!"** He even yelled at her after she left the room.  Andazola's actions during this encounter were clearly meant to physically threaten Dr. Thomas with imminent bodily harm, and she indeed felt so threatened.

32.     During this time period, Andazola's and Gomez's openly-flaunted illegal discrimination against Dr. Thomas unfortunately encouraged other staff to join in.  Their most

willing agent was the Family Medicine faculty advisor, Defendant Danielle Fitzsimmons-Pattison, M.D.

33.     For example, on November 20, 2016, when Dr. Thomas was discussing the appropriate discharge of a patient, Fitzsimmons-Pattison wrongly assumed that the discharge was untimely, and she unprofessionally and defamatorily stated to Dr.Thomas, <u>in the presence of another resident and in earshot of the patient</u>, **"This is a fucking safety issue created by you!"** Pattison never apologized to Dr. Thomas for her vulgar and false attribution of blame to Dr. Thomas.

34.     On November 28, 2016, Gomez yelled at Dr. Thomas in the Emergency Room ("ER") in front of Dr. Adedipe, Dr. Labranche, Pharmacist Lance Trujillo, other nurses, patients and their family members.   The next day, Gomez "apologized" to Dr. Thomas for yelling at her in the ER, but then resumed berating her in a loud voice because Dr. Thomas was allegedly "disorganized."

35.     Unbeknownst to Dr. Thomas, on December 16, 2016, her sister, Roset Samuel, M.D., and her brother-in-law, Eugene Samuel, reported to Defendant John Harris, CEO and Board Member of Memorial Hospital, that Dr. Thomas was being harassed by Andazola, Gomez and Fitzsimmons-Pattison, causing Dr. Thomas to be subjected to a "hostile work environment." This report constituted a "protected complaint" made on behalf of Dr. Thomas.

36.     Instead of immediately initiating, overseeing and conducting a proper investigation and otherwise acting to protect the civil and other basic human rights of Dr. Thomas from the malevolent intent and misconduct of Andazola, **Harris deliberately (and/or, at the very least, with inexcusable stupidity and/or negligence) immediately relayed to Andazola the concern of Dr. Thomas' family with his and his wife's misconduct**, and ***that***

13

*same evening,* Andazola called Dr. Thomas into his office and told her, **"I am hearing threats from your family – the Samuels.  I will terminate you and face any consequences!"**   This unequivocal statement of his illegal intent to retaliate against Dr. Thomas and his deliberate infliction of severe and extreme emotional distress upon her was in direct response to the protected complaint of discrimination made by her sister and brother-in-law on her behalf to Defendant John Harris and was permitted to occur by Defendant John Harris, acting on behalf of himself individually and on behalf of Memorial as its CEO and on behalf of its Board of Directors as its Chairman, as Defendant Harris failed to immediately take prudent steps to protect Dr. Thomas from this predictable assault upon her by Andazola.

37.     Andazola knew that this nighttime edict that he made to Dr. Thomas would inflict additional severe and extreme emotional distress upon her, and he indeed succeeded in doing so. This final verbal assault still, to this very day, triggers Dr. Thomas' recall of the violent nature of all of her interactions with Drs. Andazola and Gomez, which no doctor (nor any human being) should ever be required to endure while engaging in a professional internship, especially while employed on the premises of a supposedly reputable medical facility.  Memorial's Board of Directors abjectly failed to protect Dr. Thomas from further contact with or abuse from Andazola and Gomez, despite having full knowledge of the animus they both bore toward Dr. Thomas.

38.     On January 12, 2017, Andazola spontaneously called Dr. Thomas into a meeting. Also present were Laura Pierce, HR Manager, Danielle Fitzsimmons-Pattison, Faculty Advisor, John Kutinac, Program Coordinator, and Patrick Leung, Pharmacist Faculty.  Andazola then told Dr. Thomas that she was going to be terminated from the program for a second time.  He did not explain why.  In response, Dr. Thomas said directly to Andazola for all to hear, **"You always**

**apply different standards for me."** Andazola remained silent and did not deny the truth of her statement.

39.     On January 18, 2017, Dr. Thomas was formally terminated from the Residency Program, allegedly based upon numerous pretexts conjured up by Andazola and Gomez but most certainly in retaliation for Dr. Thomas' protected complaint which was delivered to Defendant Harris by Mr. Eugene Samuel and Dr. Roset Samuel on December 16, 2016.  They (Andazola and Gomez) had finally exacted the revenge they had been seeking for their thwarted effort to terminate Dr. Thomas from the Residency Program in March of 2015.  (Andazola put his pretexual "reasons" for the second termination in writing on January 18, 2017, because he was pressured to do so by Dr. Thomas, and all of them were false.)    The Board Defendants negligently and/or deliberately did nothing to prevent or reverse this second termination.

40.     *At no time during this second termination process was Dr. Thomas interviewed by anyone affiliated with the hospital (especially outside of the presence of Andazola and/or Gomez) including by the HR manager who personally overheard Dr. Thomas' verbal objection to the disparate treatment perpetrated by Andazola, to determine Dr. Thomas' side of the story and what she had meant by saying,  "You [Andazola] always apply different standards to me [Dr. Thomas]."*

41.     **This failure by the Medical Center and its Board of Directors to protect Dr. Thomas and/or to fully and fairly investigate to determine the underlying reason for Dr. Thomas' termination constitutes gross negligence *per se* and confirms the hospital's ratification of the illegal discrimination perpetrated against Dr. Thomas by the Medical Center's employees, agents and/or representatives, including all Defendants named herein.**

15

42.     The Board did not conduct a proper investigation and merely rolled over for Andazola and Gomez, despite clear indications that illegal discrimination had been perpetrated against Dr. Thomas, an older South East Indian female.

43.     All of the alleged reasons for Dr. Thomas' termination which were later formally alleged by Andazola were only for minor or fabricated discrepancies in performance, none of which, singly or in combination, justified Dr. Thomas' termination from the Residency Program. The Board should have exercised extraordinary care in scrutinizing the most recent allegations of Andazola (especially in view of Andazola's dishonest attempt to terminate Dr. Thomas in 2015) before it legitimized Andazola's wrongful termination of Dr. Thomas in January of 2017.

44.     The Board's failure to exercise and perform this duty of due care was indicative of its negligent failure to properly oversee the residency program, to properly supervise and monitor Andazola and Gomez, to disengage Andazola and Gomez from all decision-making concerning the advancement of (and/or termination from) Dr. Thomas in the Residency Program and/or to properly investigate their alleged misconduct to ascertain what may have been their illegal motives during their first attempt to terminate Dr. Thomas in 2015 and during their second termination of Dr. Thomas in 2017.  Such negligent and/or intentional failure by the Defendant Board members also constitutes illegal race, age and gender discrimination, retaliation for making a protected complaint through her family, conspiracy to accomplish the same and ratification of the illegal discrimination perpetrated by Andazola and/or Gomez.

45.     In addition, Dr. Thomas' termination simply cannot be justified because, among her other achievements, she accomplished the following:

-       In 2013, her 390 exam score was among the top seven of entire residency program. Three of the six residents in her "batch" scored less than the requisite.

- In 2014, her 360 exam score made her one of two residents in her batch that scored less than the requisite, which lower score is attributed to the emotional distress she was experiencing as a result of the constant and escalating illegal discrimination and intentional infliction of emotional distress being perpetrated against her by Andazola and Gomez.

- In 2015, her 470 exam score placed her as the top scorer in her batch and again in the top five scores of the entire Residency Program.

- In 2016, her 470 exam score was among the top three scores of the entire Residency Program. One resident in the second year scored less than the requisite; four residents in the third year scored less than the requisite.

(The American Board of Family Medicine website indicates that Dr. Thomas has successfully completed 29 months of residency training which can be reallocated to reflect satisfactory completion of 3 years of training. The Defendants have failed to make such reallocation.)

46. Dr. Thomas' termination was a direct result of illegal discrimination and retaliation (and/or gross negligence) because a "Revised Action Plan" for her had only been put in place on November 23, 2016, and there was insufficient time to assess her performance under that plan before Andazola fired her in response to her protected complaint which was disclosed to him by Defendant Harris on December 16, 2016. (Recall that Andazola told Dr. Thomas on the night of December 16, 2016, that **"I [Andazola] am hearing threats from your [Dr. Thomas'] family - the Samuels. I [Andazola] will terminate you [Dr. Thomas] and face any consequences!"**)

47. Finally, despite the requirement that a termination of Dr. Thomas' Resident Physician Employment Agreement occur only *with cause*, <u>no just cause was mentioned in Andazola's January 18, 2017, termination letter</u>. Also, implied in every contract of this nature is a covenant of good faith and fair dealing, which covenant was breached by Andazola

17

and Gomez and/or Defendants Memorial and/or its Defendant Directors and/or Defendants LifePoint with brazen disregard for Dr. Thomas' legal rights and emotional well-being.

48.    In addition, despite having actually completed 33 months of residency, because of the discriminatory mistreatment and abuse meted out by Andazola and Gomez, Dr. Thomas was only credited with 29 months of residency, delayed in completion of the program by an initial wrongful termination and finally blocked by a second wrongful termination based upon illegal pretext.

49.    Following an attempted mediation of her claims in Santa Fe, New Mexico, Dr. Thomas, by and through her counsel, requested Andazola (and thereby the other Defendants) to submit an accurately completed Postgraduate Training Verification form (hereinafter "PTV form") to the New Mexico Medical Board so that an accurate verification of Dr. Thomas' satisfactory completion of at least 24 months (she had actually completed 29 months) in the Residency Program could be presented to the New Mexico Medical Board, and Dr. Thomas' license to practice medicine in the State of New Mexico could then be issued.  The PTV form, signed by Andazola,, reviewed and/or approved by all liability Defendants and submitted to the New Mexico Medical Board by Andazola, included an attachment signed by Andazola which contained the statement, **"On January 12, 2017, Dr. Thomas was dismissed again from the residency program due to continued academic difficulties."**  This statement is patently false, was known to be false by Andazola and which was known and/or should have been known to be false by all of the liability Defendants. (Remember, on the night of December 16, 2016, Andazola told Dr. Thomas, **"I [Andazola] am hearing threats from your [Dr. Thomas'] family - the Samuels.  I [Andazola] will terminate you [Dr. Thomas] and face any consequences!"**  *See* paragraph 36 above.)     Andazola and the other liability Defendants

18

therefore well knew that there were no such "academic difficulties," and that any such "difficulties" later manufactured by the liability Defendants were concocted in conspiracy as a pretext to cover for the real reason Andazola terminated Dr. Thomas from the residency program - invidious racism, misogyny, ageism and religious prejudice.

50.     **"Standards were not applied [by Andazola and Gomez] objectively and equally across the board. These standards were reserved for residents who became the object of Andazola's and Gomez's scrutiny and these residents were almost without exception from different cultural backgrounds than their own."** This quote is from a written statement provided by another medical doctor in the Residency Program.

51.     A portion of the applicable public policy and standard of care, applicable to and violated by all of the Defendants as is described above, is reflected in the **New Mexico Medical Practice Act**, NMSA 1978, Section 66-6-1, *et seq*.:

-     **The New Mexico Medical Board ["NMMB"] also acts "in the interest of the public health, safety and welfare and to protect the public from the improper, unprofessional, incompetent and unlawful practice of medicine." Section 61-6-1(B).**

-     **The NMMB shall "... suspend and revoke licenses to practice medicine and censure, reprimand, fine and place on probation and stipulation licensees ... for any cause stated in the Medical Practice Act ...." Section 61-6-5(H).**

-     **The NMMB "may ... revoke or suspend a license ... and may fine, censure or reprimand a licensee upon satisfactory proof being made to the board that the ... holder of the license has been guilty of unprofessional or dishonorable conduct." Section 61-6-15(A).**

-     **The NMMB "may, in its discretion and for good cause shown, place the licensee on probation on the terms and conditions it deems proper for the protection of the public, for the purpose of rehabilitation of the probationer or both." Section 61-6-15(B).**

- **"If evidence fails to establish ... that the licensee ... is of good moral character ... the board [NMMB] may revoke or suspend the license." Section 61-6-15©.**

- **"'Unprofessional or dishonorable conduct,' as used in this section, means, but is not limited to ... conduct of a licensee that includes the following ... (18) conduct likely to deceive, defraud or harm the public." Section 61-6-15(D)(18).**

52.     In addition, the **American Medical Association Code of Medical Ethics**, provides, in part:

I.      **A physician shall be dedicated to providing competent medical care, with compassion and respect for human dignity and rights;**

II.     **A physician shall uphold the standards of professionalism, be honest in all professional interactions ...;**

III.    **A physician shall respect the law ...;**

IV.     **A physician shall respect the rights of ... colleagues and other health professionals...;**

53.     All of the foregoing professional standards and statutory requirements not only constitute an essential part of the standard of care to be applied to the conduct of all of the Defendants (which standards all of the Defendants have violated), but also put the egregious nature of Andazola's (and other Defendants') misconduct, including other the Defendants' tacit support of such misconduct, in its proper perspective and context, and these standards form the basis upon which a jury can award actual and punitive damages in favor of Dr. Thomas and upon which the Court can and must rely to enjoin all of the Defendants in order to immediately remedy the injustice of the deliberately manufactured pretexts concocted to deprive the Plaintiff

of her ability to follow her calling in medicine, which misconduct enables the most reprehensible of motives in our society.

## COUNT I

### Gender, Race/National Origin and Religious Discrimination and Retaliation in Violation of Title VII of the Civil Rights Act, As Amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (All Defendants, Except the New Mexico Medical Board)

54.     The allegations and claims stated above and below are incorporated herein.

55.     The above-described misconduct conduct perpetrated by these Defendants constitutes harassment and discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), as amended, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a (individually and collectively "the Civil Rights Act").  These Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

56.     Defendants wrongfully terminated Dr. Thomas' employment because she was an older woman of East Indian descent, believed by one or more of the liable Defendants to be a practitioner of the Hindu religion who opposed Defendants' illegal discrimination and who suffered illegal retaliation as a result.

57.     Defendants' discrimination and retaliation against Dr. Thomas violated Dr. Thomas' rights under the Civil Rights Act.  Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

58.     As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer embarrassment, humiliation, emotional

21

distress and loss of employment and other economic damages and has been denied the full enjoyment of life.

59.    The conduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or by gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, creating for her a hostile work environment, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

**WHEREFORE**, on Count I, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT II
### Age Discrimination in Violation of the
### Age Discrimination in Employment Act of 1967
### (All Defendants, Except the New Mexico Medical Board)

60.    The allegations and claims stated above and below are incorporated herein.

61.    The above-described misconduct conduct perpetrated by these Defendants constitutes age discrimination, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C., Sections 621, *et seq.*

62.    As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer embarrassment, humiliation, emotional distress and loss of employment and other economic damages and has been denied the full enjoyment of life.

22

63.     The conduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or by gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, creating for her a hostile work environment, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

64.     These Defendants are therefore liable to Plaintiff for all of her statutory remedies, including actual, consequential and punitive damages and attorney's fees.

**WHEREFORE**, on Count II, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems proper.

## COUNT III
## Gender, Race/National Origin, Religious and Age Discrimination and Retaliation in Violation of the New Mexico Human Rights Act
## (All Defendants, Except the New Mexico Medical Board)

65.     The allegations and claims stated above and below are incorporated herein.

66.     The New Mexico Human Rights Act, NMSA §28-1-7, *et seq*., makes it an unlawful and discriminatory practice for an employer to discriminate (or retaliate) in the terms and conditions or privileges of employment because of a person's sex, race/national origin, religion and/or age and/or for making a protected complaint against such discrimination.

67.     These Defendants had a duty by law not to discriminate nor retaliate against and/or harass Dr. Thomas because she was a female of East Indian descent over the age of forty, perceived by one or more of the liable Defendants to be a Hindu.

23

68.     These Defendants violated this duty, as well as the provisions of NMSA 1978, §28-1-7, by their aforementioned actions and inactions and by their creation and perpetuation of a hostile and discriminating work environment.

69.     As a direct result of the aforesaid misconduct perpetrated by these Defendants, Dr. Thomas has suffered and will continue to suffer severe and extreme emotional distress, embarrassment, humiliation, loss of employment and income and other damages.

70.     The misconduct of these Defendants set forth above was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or with gross negligence and was undertaken with a total disregard for Dr. Thomas' rights and feelings, knowing that their actions or inactions would cause Dr. Thomas to suffer economic loss and emotional damage.

**WHEREFORE**, on Count III, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other and further relief as the Court deems to be proper.

## COUNT IV
## Intentional Interference With Employment Contract
## (All Defendants, Except the New Mexico Medical Board)

71.     The allegations and claims stated above and below are incorporated herein.

72.     Dr. Thomas had a contract of employment with the Medical Center, of which one or more or all of the other Defendants (except for the New Mexico Medical Board) intentionally interfered with and procured its breach.

73.     Said Defendants breached their respective duties to Dr. Thomas to not interfere with her contract of employment with the Medical Center, through any artifice whatsoever, to include by unlawfully causing her to be terminated from such employment.

74.     Said Defendants (one or more or all of them) are therefore liable to Dr. Thomas for each's respective tortious interference with Dr. Thomas' contract of employment with the Medical Center and all consequent damages flowing therefrom.

75.     Each of such Defendant's interference with Dr. Thomas' employment contract with the Medical Center was intentional, willful, malicious, reckless, wanton, grossly negligent and/or deliberately indifferent to Dr. Thomas' rights and feeling, thereby entitling Dr. Thomas to an additional award of punitive damages against each of the complicit Defendants, jointly and/or severally.

76.     As a result of such Defendants' intentional interference with Dr. Thomas' employment contract, Dr. Thomas has suffered and will continue to suffer economic damages, embarrassment, humiliation and severe and extreme emotional distress, as well as other related damages.

**WHEREFORE**, on Count IV, Dr. Thomas requests that judgment be entered against all of these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such other and further relief as the Court deems proper.

## COUNT V

## Intentional Infliction of Emotional Distress/Outrageous Conduct
## (All Defendants, Except the New Mexico Medical Board)

77.     The allegations and claims stated above and below are incorporated herein.

78.     These Defendants intended (or acted with reckless indifference for the consequences of their acts and/or omissions) and/or knew or should have known that their acts and/or omissions as described above would cause Dr. Thomas to suffer severe and extreme emotional distress.  Defendants' misconduct was ratified and adopted by Defendants Medical Center and LifePoint.

79.     As a result of this outrageous conduct and infliction of emotional distress upon Dr. Thomas by these Defendants, Dr. Thomas has suffered embarrassment, humiliation, economic damages and severe and extreme emotional distress, for which these Defendants are jointly and severally liable to Dr. Thomas.

80.     This infliction of emotional distress upon Dr. Thomas was undertaken by these Defendants  intentionally, willfully, maliciously, recklessly, wantonly, negligently and/or with deliberate indifference to Dr. Thomas' rights and feelings, thereby entitling her to an additional award of punitive damages.

**WHEREFORE**, on Count V, Dr. Thomas requests that judgment be entered against these Defendants, jointly and severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

**COUNT VI**

**Negligent Training, Management, Supervision and Investigation**
**(Defendants Memorial Medical Center, its Board of Directors and LifePoint)**

81.     The allegations and claims stated above and below are incorporated herein.

82.     Defendants Memorial and/or its Board of Directors and/or LifePoint owed a duty to Plaintiff to properly train, manage and supervise Directors and/or employees of Memorial, to include Defendants Andazola and Gomez, and to properly investigate the activities of these Defendants following receipt of Dr. Thomas' complaints of mistreatment and/or Charges of Discrimination, and to comply with the standards of care established by the New Mexico Medical Practice Act (*see* paragraph 51 above) and the American Medical Association Code of Medical Ethics (*see* paragraph 52 above), all in order to insure that they did not discriminate and/or illegally retaliate against older, female employees of other nationalities and races, including Dr. Thomas specifically, nor interfere with their contracts (including Dr. Thomas' contract) of employment with Memorial or otherwise mistreat them (specifically Dr. Thomas) in violation of federal and state laws, and, in order to cure and rectify the harm inflicted upon Dr. Thomas, to include insuring that Defendant Andazola and the Residency Program assisted Dr. Thomas in securing her license to practice medicine in New Mexico..

83.     Defendants Memorial and its Board of Directors, LifePoint and other yet-to-be-identified Defendants negligently breached said duty by failing to properly train and supervise Defendants Andazola and Gomez and to properly investigate their illegal misconduct to insure that they did not illegally discriminate against Plaintiff and thereby thwart her advancement in and graduation from the Residency Program.

27

84.     Said breach(es) of duty proximately caused the Plaintiff to suffer the harm described above, for which these Defendants are jointly and severally liable.

85.     This breach of duty was evidently undertaken by these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VI, Dr. Thomas requests that judgment be entered against Defendants Memorial and its Board of Directors, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT VII
### Bad Faith Breach of Employment Contract
### (Defendants Memorial Medical Center and its Board of Directors)

86.     The allegations and claims stated above and below are incorporated herein.

87.     Defendant Memorial and, by implication, its Board of Directors, and by and through its agent Defendant Andazola, contracted with Dr. Thomas to provide her with medical residency training in exchange for her medical services provided to patients of Memorial. Defendant Memorial and its Board of Directors, by and through the acts and/or omissions of Defendants Andazola, Gomez and/or one or more of the individual Board members, breached said contract in bad faith by deliberately manufacturing unwarranted obstacles to Dr. Thomas' advancement in the Residency Program as described above, in order to obstruct and thwart Dr. Thomas' timely completion of the program and her ability to practice medicine in New Mexico.

88.     This breach of contract was accomplished by Memorial and its Board of Directors, and/or by Andazola acting as the authorized representative on behalf of Memorial and

its Board of Directors, deliberately and in bad faith, causing Dr. Thomas to suffer irreparable harm, to include, but not limited to, loss of income, loss of reputation and standing in the community, loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

89.    This breach of duty was evidently undertaken by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VII, Dr. Thomas requests that judgment be entered against Defendants Memorial and/or the Defendant members of its Board of Directors and/or Andazola, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT VIII
### Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Defendants Memorial Medical Center and/or its Board of Directors
### and/or Andazola and/or Gomez)

90.    The allegations and claims stated above and below are incorporated herein.

91.    Implied in every contract is a covenant of good faith and fair dealing, and such covenant was therefore also an implied condition of Defendant Memorial's contract with Dr. Thomas.  Defendant Memorial (including one or more of the members of its Board of Directors and/or its agents/representatives Andazola and/or Gomez) breached said covenant in bad faith by and through the misconduct of its agents and/or representatives described above, which

29

misconduct thwarted Dr. Thomas' advancement in the Residency Program as described above, and thereby permitted the obstruction of Dr. Thomas' timely completion of the Program and of her ability to practice medicine in New Mexico.

92.     This breach of the implied covenant of good faith and fair dealing was accomplished by Memorial and/or its Board of Directors and/or Andazola and/or Gomez deliberately and in bad faith, causing Dr. Thomas to suffer irreparable harm, to include, but not limited to, loss of her access to her medical license, loss of income, loss of reputation and standing in the community and loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

93.     This breach of the implied covenant of good faith and fair dealing was evidently undertaken by these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count VIII, Dr. Thomas requests that judgment be entered against Defendants Memorial and/or its Board of Directors and/or Defendant Andazola and/or Defendant Gomez, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT IX

### *Respondeat Superior* and Agency Liability

**(Defendants Memorial Medical Center, dba Southern New Mexico Family Medicine
Residency Program and/or aka Memorial Medical Center Auxiliary; and
LifePoint Health, Inc., dba LifePoint RC, Inc.)**

94.     The allegations and claims stated above and below are incorporated herein.

95.     Upon information and belief, Defendants LifePoint are the parent organization(s) of Defendants Memorial Medical Center, dba Southern New Mexico Family Medicine Residency Program and/or aka Memorial Medical Center Auxiliary.

96.     Defendants LifePoint have also advanced its/their interests through its/their principal/agent relationship with Defendants Memorial Medical Center and/or Memorial's agents and/or representatives and have therefore participated in the advancement and condonation of the illegal misconduct of Defendants Memorial Medical Center and its employees, Andazola and Gomez, thereby acknowledging that these individual defendants are also *de facto* employees of LifePoint, thereby rendering LifePoint liable for the misconduct of all of the Defendants (except for the New Mexico Medical Board) pursuant to the doctrines of agency and/or *respondeat superior*.

97.     Defendants LifePoint have also conspired with one or more of the other Defendants (except for the New Mexico Medical Board) in the drafting and submission of the Postgraduate Training Verification form to the New Mexico Medical Board which was falsified in order to prevent Plaintiff from securing her license to practice medicine in the State of New Mexico, thus causing Plaintiff to suffer enormous harm and distress.     (This liability for

31

conspiracy is separate and distinct from LifePoint's liability pursuant to the legal doctrines of agency and/or *respondeat superior*.)

98.     Accordingly, these named Defendants are bound by the egregious and illegal misconduct of their actual and *de facto* employees, agents and/or representatives, pursuant to the doctrines of agency and of *respondeat superior*, and Plaintiff is therefore entitled to recover all of her consequential damages from these Defendants, jointly and/or severally, to include, but not limited to, loss of income, loss of reputation and standing in the community, loss of her good reputation among her peers, severe and extreme emotional distress and suffering and other consequential damages.

99.     This misconduct conducted on behalf of these Defendants was evidently undertaken intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages from all Defendants (except the NMMB), jointly and/or severally.

**WHEREFORE**, on Count IX, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT X
### Assault
### (Defendant Andazola)

100.     The allegations and claims stated above and below are incorporated herein.

32

101.    Defendant Andazola's physical presentation to Dr. Thomas when verbally berating Dr. Thomas during his encounters with her, as described in paragraphs 19, 20, 31, 36, 37 and 38 above, was accomplished by Andazola in a violent and physically intimidating manner which was intended to frighten Dr. Thomas and pose a threat to her of the infliction upon her by Andazola of imminent bodily harm, which Andazola had a present ability to accomplish because these threats were made when he was alone with Dr. Thomas and because Andazola physically postured his much larger body in an aggressive stance which was designed to communicate, and did so communicate, to Dr. Thomas that she was at physical risk if she did not submit to his will.

102.    This threat of bodily harm caused Dr. Thomas to suffer severe and extreme emotional distress, for which Andazola is liable.

103.    This assault of Dr. Thomas perpetrated by Defendant Andazola was accomplished by Andazola intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count X, Dr. Thomas requests that judgment be entered against Defendant Andazola, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

### COUNT XI
### Defamation/Libel
### (All Defendants, Except the New Mexico Medical Board)

104.    The allegations and claims stated above and below are incorporated herein.

105.   NMSA 1978, Section 30-11-1, criminal libel, provides:

Libel consists of making, writing, publishing, selling or circulating without good motives and justifiable ends, any false and malicious statement affecting the reputation, business or occupation of another, or which exposes another to hatred, contempt, ridicule, degradation or disgrace.

**Whoever commits libel is guilty of a misdemeanor [crime].**

The word "malicious," as used in this article, signifies an act done with evil or mischievous design and it is not necessary to prove any special facts showing ill-feeling on the part of the person who is concerned in making, printing, publishing or circulating a libelous statement against the person injured thereby.

A.    A person is the maker of a libel who originally contrived and either executed it himself by writing, printing, engraving or painting, or dictated, caused or procured it to be done by others.

B.    A person is the publisher of a libel who either of his own will or by the persuasion or dictation, or at the solicitation or employment for hire of another, executes the same in any of the modes pointed out as constituting a libel ....

C.    A person is guilty of circulating a libel who, knowing its contents, either sells, distributes or gives, or who, with malicious design, reads or exhibits it to others.

D.     The written, printed or published statement to come within the definition of libel must falsely convey the idea either:

(2)     that he [she] has been guilty of some act or omission which, though not a penal offense, is disgraceful to him [her] as a member of society, and the natural consequence of which is to bring him [her] into contempt among honorable persons;

E.     It shall be sufficient to constitute the crime of libel if the natural consequence of the publication of the same is to injure the person defamed although no actual injury to his reputation need be proven.

34

106.    Civil defamation constitutes the publication of a statement known to be false (or made with reckless disregard for its truth or falsity) with the intent to cause harm to another (or with reckless disregard for the potential harm).

> **New Mexico Civil Jury Instructions 13-1007. Defamatory communication: Defined.**
>
> Defamatory communications are those which tend to expose a person to contempt, to harm the person's reputation, or to discourage others from associating or dealing with [her].

107.    These Defendants, jointly and/or severally, either perpetrated or conspired to perpetrate the above-referenced libel/defamation of Plaintiff (falsely reporting and publishing that her character, professionalism and/or educational achievement were deficient) and/or caused, condoned, permitted and/or ratified Andazola's and/or Gomez's publishing of one or more of the false statements about Plaintiff or Plaintiff's accomplishments referenced above, to include, but not limited to, Andazola's publishing of the fraudulent Postgraduate Training Verification form ("PTV form") to the New Mexico Medical Board, and/or one or more of these Defendants, jointly and/or severally, condoned, supported and/or ratified the publishing of the above-described defamation, including the PTV form, either individually and/or in conspiracy with one or more of the other Defendants.

108.    Such publications were accomplished by one or more of these Defendants with the intent to cause Plaintiff to suffer harm and damage to her reputation, knowing that such would result in financial loss to Plaintiff, loss of her good reputation in the community, damage to her professional standing and reputation and the infliction upon her of severe and extreme emotional distress, and, in fact, Plaintiff has suffered and will suffer in the future such harm,

thereby rendering these Defendants jointly and/or severally liable to Plaintiff for all of her consequent damages.

109.    This harm perpetrated against Plaintiff was accomplished by these Defendants, or by one or more of them, intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count XI, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XII
### Negligence, Negligence *Per Se* and/or Gross Negligence *Per Se*
### (All Defendants, Except the New Mexico Medical Board)

110.    The allegations and claims stated above and below are incorporated herein.

111.    As stated above, these Defendants owed (1) professional and statutory duties and a duty of due care to Dr. Thomas to ensure that she was not being illegally discriminated against in the Residency Program and therefore not illegally blocked by Andazola and/or Gomez, in violation of federal and state anti-discrimination laws, and (2) a duty of due care to fairly and fully investigate the underlying reason(s) for her termination(s) from the Residency Program, especially after Plaintiff expressed that she was being mistreated and/or subjected to disparate treatment and illegal harassment, and (3) a duty to immediately restore her to the Program following her illegal termination and/or (4) a duty to insure that she achieved her medical licensure with the State of New Mexico by proper verification to the New Mexico Medical

36

Board.  One or more or all of the Defendants breached one or more or all of these duties by failing to protect Plaintiff from Andazola and Gomez and by failing to investigate and/or discover and reverse the negative impact of the illegal motivation and discriminatory agenda of Andazola and Gomez, especially following each of the adverse employment actions undertaken by Andazola and/or Gomez against Plaintiff, including these Defendants' initial attempt to expel Plaintiff from the Residency Program which the Defendant Board of Directors and/or Defendant Memorial Hospital executives or representatives overturned, which illegal motivation and discriminatory agenda all Board members, Defendants Memorial and/or LifePoint and/or their representatives and/or agents negligently and/or recklessly and/or intentionally "overlooked" when later requested by undersigned counsel to right the wrongs perpetrated against the Plaintiff. Many of said "wrongs" are summarized herein.

112.    The breach(es) of these duties owed to Dr. Thomas by Defendants LifePoint and/or Memorial and/or Memorial's Board of Directors, agents, representatives and/or employees constitute, at the very least, negligence; and, because of the egregiousness of the breach(es) of duty, negligence *per se* and/or gross negligence *per se*, such breach(es) has/have caused and continues/continue to cause Plaintiff to suffer consequential harm, to include financial and professional damage and severe and extreme emotional distress.

113.    This harm perpetrated against Plaintiff was accomplished by one or more of these Defendants intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages against any and all culpable defendants.

**WHEREFORE**, on Count XII, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XIII
### *Prima Facie* Tort
### (All Defendants, Except the New Mexico Medical Board)

114.    The allegations and claims stated above and below are incorporated herein.

115.    These Defendants engaged in the acts and/or omissions described above which they intended to cause harm to Plaintiff.

116.    As is reflected above, such acts and/or omissions did, in fact, cause Plaintiff to suffer the harm alleged herein, and these Defendants are jointly and/or severally liable to Plaintiff for such harm.

117.    This harm perpetrated against Plaintiff was accomplished by Andazola intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to Plaintiff's rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages.

**WHEREFORE**, on Count XIII, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

38

**COUNT XIV**

**Civil Conspiracy**

**(All Defendants, Except the New Mexico Medical Board)**

118.    The allegations and claims stated above and below are incorporated herein.

119.    Each of the Defendants conspired with one or more of the other Defendants as reflected by the overt acts committed against Plaintiff which are referenced above, thus proximately causing Plaintiff to suffer the harm described above, and such conspirac(y)(ies) render all conspirators jointly and/or severally liable to Plaintiff for all of her consequent damages.  (The "overt acts" committed in furtherance of said conspiracy include, but are not limited to, the Defendants' failure to prevent Andazola and/or Gomez from blocking Plaintiff's completion of the Residency Program, especially after their initial attempt was determined to be improper, AND Defendants' overt failure and/or refusal, accomplished by and through and or condoned by one or more of Defendants' agents and/or representatives, to take action to reverse or mitigate the illegal misconduct of Andazola and/or Gomez, to include, but not limited to, Defendants' overt failure, upon the express written request of Plaintiff's counsel, to report to the New Mexico Medical Board that Plaintiff had satisfactorily completed her minimum residency requirements so that she could finally receive her medical license and thus mitigate the damage inflicted upon her by one or more or all of the Defendants.)

120.    This conspiracy perpetrated against Dr. Thomas was accomplished intentionally, willfully, maliciously, recklessly, wantonly and/or with deliberate indifference to her rights and feelings, thereby entitling Dr. Thomas to an additional award of punitive damages from all Defendants determined by the jury to be complicit.

**WHEREFORE**, on Count XIV, Dr. Thomas requests that judgment be entered against these Defendants, jointly and/or severally, awarding her compensatory and punitive damages, together with pre-judgment interest, post-judgment interest, costs and attorneys' fees and such further relief as the Court deems proper.

## COUNT XV
### For Injunctive Relief
### (All Defendants, Including the New Mexico Medical Board)

121.    The allegations and claims stated above and below are incorporated herein.

122.    As stated above in paragraph 51, a portion of the applicable public policy and standard of care applicable to the illegal mistreatment and abuse of Dr. Thomas is reflected in the New Mexico Medical Practice Act:

123.    In addition, the American Medical Association Code of Medical Ethics also establishes standard of conduct by which the Defendants must conduct themselves.  *See* paragraph 52 above.

124.    All of the foregoing professional standards and statutory requirements, along with Defendants' obligation to Plaintiff to exercise due care, not only constitute an essential part of the standard of care to be applied to all of the Defendants, but also put the egregious nature of Andazola's (and other individual Defendants') misconduct, including other Defendants' tacit support of it, in its proper perspective and context, and these standards form the basis upon which the Court can and must rely to enjoin all of the Defendants in order to immediately remedy the injustice of the deliberately manufactured pretexts concocted to deprive the Plaintiff of her ability to follow her calling in medicine, enabling the most reprehensible of motives in our society.

125.     Plaintiff is therefore entitled to injunctive relief which requires all Defendants to immediately document, verify, report and facilitate Plaintiff's earliest achievable completion of the Residency Program in such manner as will accomplish her unimpeded ability to be expeditiously licensed to practice medicine in the State of New Mexico as soon as is practicably possible.

126.     In connection therewith, Defendant New Mexico Medical Board must also be enjoined and ordered (1) to immediately investigate the alleged misconduct of the other Defendants' (especially the referenced misconduct of Defendants Andazola and Gomez) and (2) to insure that the impediments resulting from such misconduct (which are described above and which have effectively blocked Plaintiff's access to medical licensure) are immediately removed, in order (3) to insure that Plaintiff's path to medical licensure in New Mexico is speedy, direct, certain and unencumbered by the residues of the racism, ageism, misogyny and/or religious discrimination perpetrated against her by one or more or all of the Defendants, jointly and/or severally, as has been described in this Complaint, and Plaintiff is also entitled to, and therefore prays for, any other relief that the Court shall deem to be necessary to accomplish these ends.  *See* **the legislative mandate of and powers granted to the New Mexico Medical Board set forth in paragraph 51 above.**

**WHEREFORE**, on Count XV, Dr. Thomas requests the Court to order injunctive relief which will accomplish the foregoing remedial action and for such other and  further relief as the Court shall deem necessary and/or proper to facilitate and achieve those ends as is mandated by and consistent with the stated, implied and inferred purposes of New Mexico State law.

41

Respectfully submitted,

THE BENNETT LAW GROUP, LLC

By: _____

Merit Bennett, Esq.

460 St. Michael's Drive, Ste. 703

Santa Fe, New Mexico 87505

Ph: 505-983-9834 | Fax: 505-983-9836

E-mail: mb@thebennettlawgroup.com

*Attorneys for Plaintiff*

42

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

## SUMMONS

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT** **SANTA FE COUNTY, NEW MEXICO** Court Address: Post Office Box 2268 / 225 Montezuma Avenue Santa Fe, New Mexico 87504 / 87501 Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124** **Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,** **Plaintiff,** **vs.** **MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*, **Defendants.** | **Defendant:** Defendant Memorial Medical Center (Las Cruces), dba Southern New Mexico Family Medicine Residency Program and/or aka Memorial Medical Center Auxiliary C/O Beasley, Mitchell Co. LLP, PO Box 550, Las Cruces, NM 88001 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of __January__, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _Michael_
     Deputy

/s/ Merit Bennett
Merit Bennett, Attorney for Plaintiff
460 St. Michael's Drive, Suite 703,
Santa Fe, New Mexico 87505
Telephone: (505) 983-9834| Fax: (505) 983-9836
Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                                        )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]       to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

        1.       Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
        2.       If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

## SUMMONS

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT** **SANTA FE COUNTY, NEW MEXICO** Court Address: Post Office Box 2268 / 225 Montezuma Avenue Santa Fe, New Mexico 87504 / 87501 Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124** **Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**     **Plaintiff,** **vs.** **MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,     **Defendants.** | **Defendant:** Lifepoint Health, Inc. 330 Seven Springs Way Brentwood, Tennessee 37027 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of __January____, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          _/s/ Merit Bennett_____
   Deputy          Merit Bennett, Attorney for Plaintiff
          460 St. Michael's Drive, Suite 703,
          Santa Fe, New Mexico 87505
          Telephone: (505) 983-9834| Fax: (505) 983-9836
          Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                                        )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint and first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

**SUMMONS**

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>     **Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.,*<br>     **Defendants.** | **Defendant:**<br><br>Lifepoint RC, Inc.<br>330 Seven Springs Way<br>Brentwood, Tennessee 37027 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of _January_, 2018 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____
     Deputy

_/s/ Merit Bennett_____
Merit Bennett, Attorney for Plaintiff
460 St. Michael's Drive, Suite 703,
Santa Fe, New Mexico 87505
Telephone: (505) 983-9834| Fax: (505) 983-9836
Email Address: mb@thebennettlawgroup.com

THIS SUMMONS ... PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL ... DURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO  )
                                             )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

**SUMMONS**

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>　　**Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>　　**Defendants.** | **Defendant:**<br><br>John Andazola |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

**1.**　　A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**　　You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**　　You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**　　If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.　　You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**　　If you need an interpreter, you must ask for one in writing.

**7.**　　You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of __January__, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____　　　　_/s/ Merit Bennett_____
　　Deputy　　　　　　　　　　　　　Merit Bennett, Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　460 St. Michael's Drive, Suite 703,
　　　　　　　　　　　　　　　　　　Santa Fe, New Mexico 87505
　　　　　　　　　　　　　　　　　　Telephone: (505) 983-9834| Fax: (505) 983-9836
　　　　　　　　　　　　　　　　　　Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT** <br> **SANTA FE COUNTY, NEW MEXICO** <br> Court Address: <br> Post Office Box 2268 / 225 Montezuma Avenue <br> Santa Fe, New Mexico 87504 / 87501 <br> Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124** <br><br> **Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,** <br>      **Plaintiff,** <br><br> vs. <br><br> **MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*, <br>      **Defendants.** | **Defendant:** <br><br> Dolores Gomez |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of January , 2018 .
STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          _/s/ Merit Bennett_____
      Deputy                                    Merit Bennett, Attorney for Plaintiff
                                                      460 St. Michael's Drive, Suite 703,
                                                      Santa Fe, New Mexico 87505
                                                      Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                      Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ ²

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

| **SUMMONS** | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>    **Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>    **Defendants.** | **Defendant:**<br><br>John Harris |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of ___January___, 2018 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          _/s/ Merit Bennett_____
    Deputy                        Merit Bennett, Attorney for Plaintiff
                                  460 St. Michael's Drive, Suite 703,
                                  Santa Fe, New Mexico 87505
                                  Telephone: (505) 983-9834| Fax: (505) 983-9836
                                  Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                                        )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

     1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
     2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>      **Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL MEDICAL CENTER (Las**<br>**Cruces),** *et al.*,<br>      **Defendants.** | **Defendant:**<br><br>John Munoz |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.** A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.** You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of _January____, 2018_.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _Michael _____          _/s/ Merit Bennett_____
      Deputy                                   Merit Bennett, Attorney for Plaintiff
                                                    460 St. Michael's Drive, Suite 703,
                                                    Santa Fe, New Mexico 87505
                                                    Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                    Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                       )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

**SUMMONS**

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>    **Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>    **Defendants.** | **Defendant:**<br><br>Catherine Kemmer |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of _January___, 2018_.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____        _/s/ Merit Bennett_____
        Deputy                                            Merit Bennett, Attorney for Plaintiff
                                                        460 St. Michael's Drive, Suite 703,
                                                        Santa Fe, New Mexico 87505
                                                        Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                        Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                       )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint and first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

| **SUMMONS** | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>      **Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>      **Defendants.** | **Defendant:**<br><br>Gary Esslinger |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.** A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.** You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of __January__, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          _/s/ Merit Bennett_____
      Deputy                                                    Merit Bennett, Attorney for Plaintiff
                                                                    460 St. Michael's Drive, Suite 703,
                                                                    Santa Fe, New Mexico 87505
                                                                    Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                                    Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                                )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint and first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

|  |  |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>     **Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>     **Defendants.** | **Defendant:**<br><br>Prasad Podila |

<strong>TO THE ABOVE NAMED DEFENDANT(S)</strong>:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of _January___, 2018_.
STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          __/s/ Merit Bennett_____
       Deputy                                    Merit Bennett, Attorney for Plaintiff
                                                      460 St. Michael's Drive, Suite 703,
                                                      Santa Fe, New Mexico 87505
                                                      Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                      Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>     **Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>     **Defendants.** | **Defendant:**<br><br>Julia Brown |

<strong>TO THE ABOVE NAMED DEFENDANT(S)</strong>:  Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd  day of _January____, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____          __/s/ Merit Bennett_____
     Deputy                                       Merit Bennett, Attorney for Plaintiff
                                                      460 St. Michael's Drive, Suite 703,
                                                      Santa Fe, New Mexico 87505
                                                      Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                      Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                             )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

        1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
        2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

## SUMMONS

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT** <br> **SANTA FE COUNTY, NEW MEXICO** <br> Court Address: <br> Post Office Box 2268 / 225 Montezuma Avenue <br> Santa Fe, New Mexico 87504 / 87501 <br> Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124** <br><br> **Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,** <br>      **Plaintiff,** <br><br> vs. <br><br> **MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*, <br>      **Defendants.** | **Defendant:** <br><br> Stuart Ed |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.**     A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.     You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of January, 2018.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____                         __/s/ Merit Bennett_____
     Deputy                                                Merit Bennett, Attorney for Plaintiff
                                                        460 St. Michael's Drive, Suite 703,
                                                        Santa Fe, New Mexico 87505
                                                        Telephone: (505) 983-9834| Fax: (505) 983-9836
                                                        Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN¹**

STATE OF NEW MEXICO   )
                                            )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>　　**Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>　　**Defendants.** | **Defendant:**<br><br>Eddie Binder |

<strong>TO THE ABOVE NAMED DEFENDANT(S)</strong>:  Take notice that

**1.**　　A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**　　You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.**　　You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**　　If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**.　　You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**　　If you need an interpreter, you must ask for one in writing.

**7.**　　You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of __January___, 2018__.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____

　　Deputy

　　　　　　　　　　　　　　　　　　_/s/ Merit Bennett_____
　　　　　　　　　　　　　　　　　　Merit Bennett, Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　460 St. Michael's Drive, Suite 703,
　　　　　　　　　　　　　　　　　　Santa Fe, New Mexico 87505
　　　　　　　　　　　　　　　　　　Telephone: (505) 983-9834| Fax: (505) 983-9836
　　　　　　　　　　　　　　　　　　Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]      to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/23/2018 9:41:57 AM
STEPHEN T. PACHECO
Michael Roybal

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
</table>

| | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>　　**Plaintiff,**<br><br>vs.<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.*,<br>　　**Defendants.** | **Defendant:**<br><br>New Mexico Medical Board |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Santa Fe_____, New Mexico, this 23rd day of ___January___, 2018 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____
　　Deputy

　　　　　　　　　　　　_/s/ Merit Bennett_____
　　　　　　　　　　　　Merit Bennett, Attorney for Plaintiff
　　　　　　　　　　　　460 St. Michael's Drive, Suite 703,
　　　　　　　　　　　　Santa Fe, New Mexico 87505
　　　　　　　　　　　　Telephone: (505) 983-9834| Fax: (505) 983-9836
　　　　　　　　　　　　Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN[1]**

STATE OF NEW MEXICO   )
                                          )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint and first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]      to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

    1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
    2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/2/2018 11:56:12 AM
STEPHEN T. PACHECO
Rachel Morse

| **AMENDED SUMMONS** | |
| --- | --- |
| **FIRST JUDICIAL DISTRICT COURT**<br>**SANTA FE COUNTY, NEW MEXICO**<br>Court Address:<br>Post Office Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone No.: 505-455-8250 | **Case Number: D-101-CV-2018-00124**<br><br>**Assigned Judge: Raymond Z. Ortiz** |
| **MARGARET THOMAS, M.D.,**<br>    **Plaintiff,**<br><br>**vs.**<br><br>**MEMORIAL MEDICAL CENTER (Las Cruces),** *et al.,*<br>    **Defendants.** | **Defendant:**<br>Defendant Memorial Medical Center (Las Cruces), dba Southern New Mexico Family Medicine Residency Program and/or aka Memorial Medical Center Auxiliary and/or aka PHC-Las Cruces, Inc.<br>c/o Kemp Smith LLP<br>3800 E. Lohman Ave., Suite #C,<br>Las Cruces, NM 88011 - 8273 |

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____ Santa Fe ___, New Mexico, this _02_ day of _February_ , 20 _18_ .
STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _Rachel J. Morse_                    _/s/ Merit Bennett_____
      Deputy                         Merit Bennett, Attorney for Plaintiff
                                     460 St. Michael's Drive, Suite 703,
                                     Santa Fe, New Mexico 87505
                                     Telephone: (505) 983-9834| Fax: (505) 983-9836
                                     Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO  )
                             )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint first discovery requests attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]